Docket No. 102253.

# IN THE
# SUPREME COURT
# OF
# THE STATE OF ILLINOIS

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. JAMES L. PACK, Appellant.

*Opinion filed January 19, 2007.*

JUSTICE BURKE delivered the judgment of the court, with opinion.

Chief Justice Thomas and Justices Freeman, Fitzgerald, Kilbride, Garman, and Karmeier concurred in the judgment and opinion.

## OPINION

The Illinois Post-Conviction Hearing Act (Act) (725 ILCS 5/122–1 (West 2004)) requires a petitioner to be "imprisoned in the penitentiary" before a postconviction petition may be filed. In the instant case, defendant James L. Pack was serving the second of two consecutive sentences when he attempted to file a postconviction petition challenging the conviction which led to his first sentence. The circuit court of Tazewell County dismissed his petition, finding that he was not "imprisoned" as is required under section 122–1(a) of the Act. The appellate court affirmed. No. 3–04–0948 (unpublished order under Supreme Court Rule 23). We granted defendant's petition for leave to appeal. 210 Ill. 2d R. 315. For the reasons that follow, we reverse the judgment of the appellate court.

## BACKGROUND

On April 19, 1991, defendant was sentenced to seven years' imprisonment for his conviction of aggravated criminal sexual abuse by a Tazewell County jury in case number 90–CF–116. On November 25, 1991, defendant was sentenced to 60 years' imprisonment to be served consecutively to his 7-year sentence after being found guilty of aggravated criminal sexual assault by a different Tazewell County jury in case number 90–CF–115. The cases, which were originally scheduled for jury trials on the same date, were not related, and each case involved a separate victim. The State stated at oral argument that it pursued the sexual abuse case before the sexual assault case due to witness availability. Both convictions and sentences were affirmed by the appellate court in 1993. *People v. Pack*, 245 Ill. App. 3d 1113 (1993) (unpublished order under Supreme Court Rule 23) (table); *People v. Pack*, 246 Ill. App. 3d 1117 (1993) (unpublished order under Supreme Court Rule 23) (table).

On February 20, 2004, defendant filed a postconviction petition challenging his sexual abuse conviction. Defendant's petition alleged that two witnesses had been coerced by the assistant State's Attorney to lie at his sexual abuse trial. The State filed a motion to dismiss defendant's petition, arguing that defendant had already served the seven-year sentence for his sexual abuse conviction and therefore was not "imprisoned in the penitentiary" for that conviction as required by section 122–1(a). The trial court agreed with the State and granted the motion to dismiss.

The appellate court affirmed, stating,

> "[W]e must treat defendant's sentences individually and not as one sentence. The [mandatory supervised release] period for aggravated sexual abuse is a two-year period. 720 ILCS 5/12–16 (West 2004). *** Seven years (with 145 days), plus two years from April 19, 1991, had long since run when defendant filed the postconviction petition. Defendant was no longer imprisoned in the penitentiary on that conviction. Only a person imprisoned in the penitentiary may file a postconviction petition. *** Since defendant was no longer imprisoned in the penitentiary for aggravated criminal sexual abuse in 90–CF–116, he is not entitled to postconviction relief."

We granted defendant's petition for leave to appeal. 210 Ill. 2d R. 315.

ANALYSIS

At issue in this case is whether defendant, who was sentenced to consecutive sentences of 7 and 60 years, respectively, qualifies as "imprisoned" under section 122–1(a) when, after spending almost 13 years in the penitentiary, he challenged the conviction that resulted in his 7-year sentence. Our review of the dismissal of a defendant's postconviction petition is *de novo*. *People v. Edwards*, 197 Ill. 2d 239, 247 (2001).

We begin by examining section 122–1(a), which provides, in pertinent part:

> "Any person imprisoned in the penitentiary may institute a proceeding under this Article if the person asserts that:
>
>> (1) in the proceedings which resulted in his or her conviction there was a substantial denial of his or her rights under the Constitution of the United States or of the State of Illinois or both[.]" 725 ILCS 5/122–1(a) (West 2004).

The fundamental rule of statutory construction is to ascertain and give effect to the legislature's intent. *People v. Wooddell*, 219 Ill. 2d 166, 170 (2006). The best indication of legislative intent is the statutory language, given its plain and ordinary meaning. *Wooddell*, 219 Ill. 2d at 170-71.

The plain language of the statute appears to support defendant's position because he was unquestionably a prisoner of the state at the time he filed his petition. The State, however, argues that defendant's status as a state prisoner is of no moment because, for purposes of section 122–1(a), he must be imprisoned *for the conviction that he is challenging*. According to the State, the long-standing rule in Illinois is that consecutive sentences must be treated as discrete and individual. See *People v. Wagener*, 196 Ill. 2d 269, 286 (2001) ("It is a settled rule in this state that sentences which run consecutively to each other are not transmuted thereby into a single sentence"); *People v. Phelps*, 211 Ill. 2d 1, 14 (2004) (consecutive sentences treated as individual sentences for conviction enhancement purposes). The State

contends that, by 2004, when defendant filed his petition challenging his sexual abuse conviction, he had already served the 7-year sentence for that conviction, and was incarcerated on his consecutive 60-year sentence, which did not qualify him as "imprisoned" for purposes of section 122–1(a).

Defendant concedes that Illinois views consecutive sentences as discrete, but urges this court to find that he was "imprisoned" for purposes of section 122–1(a). In support of his argument, defendant relies on *Garlotte v. Fordice*, 515 U.S. 39, 132 L. Ed. 2d 36, 115 S. Ct. 1948 (1995). In *Garlotte*, the petitioner was imprisoned by Mississippi state courts on a three-year sentence for a marijuana conviction, followed consecutively by concurrent life sentences for a murder conviction. *Garlotte*, 515 U.S. at 42, 132 L. Ed. 2d at 40, 115 S. Ct at 1950. After four years in a Mississippi prison, the petitioner filed a petition for *habeas corpus* on his marijuana conviction in federal district court. *Garlotte*, 515 U.S. at 42, 132 L. Ed. 2d at 41, 115 S. Ct. at 1950. The district court and court of appeals both rejected the petition on jurisdictional grounds, finding that the petitioner had served his three-year sentence, was not "in custody" under that sentence when he filed the petition, and therefore did not meet the requirements of section 2254(a) of the United States Code. *Garlotte*, 515 U.S. at 43, 132 L. Ed. 2d at 41, 115 S. Ct. at 1950-51. Section 2254(a) of the Code provides that a federal court "shall entertain an application for a writ of *habeas corpus* in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a) (2000).

The Supreme Court reversed, basing its decision on its earlier holding in *Peyton v. Rowe*, 391 U.S. 54, 20 L. Ed. 2d 426, 88 S. Ct. 1549 (1968). *Garlotte*, 515 U.S. at 47, 132 L. Ed. 2d at 43-44, 115 S. Ct. at 1952. In *Peyton*, the Court found that defendants incarcerated under two consecutive sentences did not have to wait until their first sentence had been served before filing a *habeas corpus* petition against their second sentence. *Peyton*, 391 U.S. at 64-65, 20 L. Ed. 2d at 433, 88 S. Ct. at 1555. Specifically, *Peyton* stated, "a prisoner serving consecutive sentences is 'in custody' under any one of them for purposes of [the *habeas* statute]." *Peyton*, 391 U.S. at 67, 20 L. Ed. 2d at 435, 88 S. Ct. at 1556. The Court noted that, if

successful, the petitioners would advance their release dates, which was reason enough to permit them to file their petitions once they satisfied the "in custody" element of the statute. *Peyton*, 391 U.S. at 66-67, 20 L. Ed. 2d at 434-35, 88 S. Ct. at 1556.

The *Garlotte* Court compared the status of its petitioner to that of the petitioners in *Peyton* and found that, since *Peyton* construed the statutory term "in custody" to require that consecutive sentences be viewed in the aggregate, there was no reason to adopt a different construction "simply because the sentence imposed under the challenged conviction lies in the past rather than in the future." *Garlotte*, 515 U.S. at 46, 132 L. Ed. 2d at 43, 115 S. Ct. at 1952. The Court then found that the petitioner was "in custody," and that his *habeas corpus* petition could be filed because his release date would be advanced by three years if his petition was successful. *Garlotte*, 515 U.S. at 47, 132 L. Ed. 2d at 43, 115 S. Ct. at 1952.

The rationale expressed in *Garlotte* comports with our previous interpretations of section 122–1(a). A review of the history of the Act and our construction of the term "imprisoned" reveals that courts in this state have always held a defendant's liberty interest to be paramount when construing the Act.

The Illinois Post-Conviction Hearing Act was enacted in response to *Young v. Ragen*, 337 U.S. 235, 93 L. Ed. 1333, 69 S. Ct. 1073 (1949), which held that prisoners must be given a statutory method by which they can raise claims of denial of federal constitutional rights in state courts. *People v. Correa*, 108 Ill. 2d 541, 545 (1985). The Act was intended to "provide for judicial review in circumstances where direct review, *habeas corpus* and *coram nobis* were unavailable." *People v. Martin-Trigona*, 111 Ill. 2d 295, 302 (1986). The Act should be "liberally construed to afford a convicted person an opportunity to present questions of deprivation of constitutional rights." *Correa*, 108 Ill. 2d at 546.

Through the years, this court has emphasized the importance of a person's liberty interest in defining the class of convicted persons who qualify as "imprisoned" under section122–1(a). For example, "[i]n *People v. Dale* (1950), 406 Ill. 238, 246 [(overruled on other grounds)], the court determined that the legislature intended by use of the words 'imprisoned in the penitentiary' to prevent persons who have completed their sentences from engaging the Act's remedial

machinery solely to purge their criminal records; only persons whose liberty is actually restrained are entitled to the protection afforded by the Act." *Martin-Trigona*, 111 Ill. 2d at 299.

In many cases, petitioners did not have to be actually in a prison, but merely "subject to being confined" (*Correa*, 108 Ill. 2d at 546) by the state to qualify as "imprisoned." For instance, in *Correa*, we found that persons who were on mandatory supervised release at the time they filed their postconviction petitions qualified as "imprisoned" because "the Department of Corrections shall 'retain custody' of all persons placed on mandatory supervised release and 'shall supervise' such persons during their release." *Correa*, 108 Ill. 2d at 546. In *People v. Placek*, 43 Ill. App. 3d 818, the court found that persons released on parole were still considered as "imprisoned" because they had not fully served their sentences and "there may conceivably be some consequences in the nature of control over [their] conduct in the remaining parole period." *Placek*, 43 Ill. App. 3d at 819-20. See also *People v. Montes*, 90 Ill. App. 3d 355, 357 (1980) (petitioners sentenced to probation may file postconviction petitions).

*Martin-Trigona* also illustrates how a petitioner's liberty interest is paramount in determining whether he is "imprisoned." In *Martin-Trigona*, the petitioner was released on appeal bond when he filed his petition for postconviction relief. *Martin-Trigona*, 111 Ill. 2d at 298. We found that persons released on appeal bond are " 'always on a string, and [the State] may pull the string whenever [it] please[s].' " *Martin-Trigona*, 111 Ill. 2d at 300. Such a restraint on liberty was found unacceptable when it was "imposed in violation of an individual's State or Federal constitutional rights." *Martin-Trigona*, 111 Ill. 2d at 300. Accordingly, we held that "defendants who avoid incarceration by posting an appeal bond are 'imprisoned in the penitentiary' within the meaning of [section 122–1(a)]." *Martin-Trigona*, 111 Ill. 2d at 300, citing *Capler v. City of Greenville*, 422 F.2d 299, 301 (5th Cir. 1970) (convicted persons released on an appeal bond are "in custody" for purposes of federal *habeas corpus*).

In each case mentioned above, we construed "imprisoned" for purposes of section 122–1(a) to include petitioners whose liberty, in some way or another, was curtailed to a degree by the state. In the instant case, defendant's liberty is certainly curtailed by the state due to his status as a prisoner. Also, here, as in each of the cases

mentioned above, defendant's petition alleges a constitutional error, which, if proven, will have an effect on his liberty. As defendant correctly points out, the Department of Corrections treats consecutive sentences in the aggregate[1] and an invalidation of his first conviction would advance his release date.

Accordingly, pursuant to the reasoning of *Garlotte*, and in accordance with our previous decisions, we now hold that a prisoner serving consecutive sentences is "imprisoned" under any one of them for purposes of section 122–1(a). Therefore, we conclude that defendant was "imprisoned in the penitentiary" for purposes of section 122–1(a) when he filed his petition.[2]

We note that the State relies on *People v. West*, 145 Ill. 2d 517 (1991), in support of its argument that defendant must be imprisoned for the conviction he is challenging. In *West*, the defendant completed and served a four-year sentence for voluntary manslaughter in Illinois. *West*, 145 Ill. 2d at 518. Three years after his release from the Illinois penitentiary, the defendant was sentenced to death in Arizona on a separate murder charge, with the Illinois conviction used as an aggravating factor in sentencing. *West*, 145 Ill. 2d at 518. Upon being sentenced, the defendant attempted to file a postconviction petition in Illinois challenging his manslaughter conviction with the intent of purging it from his record. *West*, 145 Ill. 2d at 518. The defendant hoped to void his Illinois conviction so that he would be able to argue that Arizona improperly considered the Illinois conviction in aggravation when he was sentenced to death. *West*, 145 Ill. 2d at 518.

---

[1]"In determining the manner in which consecutive sentences of imprisonment, one or more of which is for a felony, will be served, the Department of Corrections shall treat the offender as though he had been committed for a single term ***." 730 ILCS 5/5–8–4(e) (West 2004).

[2]At least one other jurisdiction has applied the rationale of *Garlotte* when interpreting its own state postconviction relief statute. See *Salaam v. Warden*, Nos. CV023581, CV023582 cons. (Conn. Super. December 15, 2003) (petitioner serving the second of two consecutive sentences may file a postconviction petition challenging his first conviction). No state has declined to apply *Garlotte*'s reasoning to its *habeas* or postconviction statutes.

The petition was dismissed, and this court affirmed, finding that the defendant was not "imprisoned in the penitentiary" when he filed his petition. *West*, 145 Ill. 2d at 519. Specifically, we held, "[t]he person must be in prison for the offense he is purporting to challenge." *West*, 145 Ill. 2d at 519.

We find *West* to be distinguishable, both in fact and in substance, from the instant case. The petitioner in *West* was not serving consecutive sentences. Furthermore, as discussed above, a defendant's liberty interest is the deciding factor in determining who is "imprisoned" for purposes of section 122–1(a). Thus, our holding in *West* does not apply to defendant's situation. Unlike defendant in the instant case, who seeks to challenge his conviction for purposes of advancing his release date, the petitioner in *West* sought to challenge his conviction for purposes of purging his record. The fact that defendant here is pursuing a liberty interest distinguishes his situation from that of the petitioner in *West*. See also *People v. Dale*, 406 Ill. 238, 246 (1950) (postconviction remedy available only to "persons actually being deprived of their liberty and not to persons who had served their sentences and who might wish to purge their records of past convictions").

Finally, we note that defendant presents the alternative argument that the appellate court incorrectly held that the mandatory supervised release period for his sexual abuse conviction had run before he filed his petition. In light of our disposition here, we need not address this argument.

## CONCLUSION

For the foregoing reasons, we reverse the judgments of the circuit and appellate courts and remand to the circuit court for further proceedings consistent with this opinion.

*Judgments reversed;*
*cause remanded.*