FIRST DIVISION

No. 1-08-3192

IN THE APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court |
| Plaintiff-Appellee, | ) | of Cook County. |
| | ) | |
| v. | ) | No. 88 CR 18480 |
| | ) | |
| ARTHUR DENT, | ) | Honorable |
| | ) | James B. Linn, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE LAMPKIN delivered the judgment of the court, with opinion.

Presiding Justice Hall and Justice Hoffman concurred in the judgment and opinion.

**O P I N I O N**

Defendant, Arthur Dent, was convicted of first degree murder and sentenced to 30 years' imprisonment. His conviction and sentence were upheld on direct appeal. *People v. Dent*, 230 Ill. App. 3d 238, 595 N.E.2d 18 (1992). While his direct appeal was pending, defendant filed a postconviction petition pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq*. (West 1992)). That petition was dismissed. Defendant served his prison sentence. After his release and completion of parole, defendant filed a successive postconviction petition alleging

newly discovered evidence demonstrated his actual innocence.  The successive petition was dismissed on its merits following second-stage review.

On appeal, defendant contends he has standing to bring the successive postconviction petition.  Defendant additionally contends the trial court erred in dismissing his petition without the benefit of a third-stage evidentiary hearing where he made a substantial showing of his actual innocence with an affidavit of the shooter.  Based on the following, we affirm.

FACTS

The facts were provided in detail in this court's opinion on direct appeal (*Dent*, 230 Ill. App. 3d at 240-41); therefore, we briefly summarize only the salient facts taken from that opinion.

Witnesses testified that defendant and Ralph James approached a group of rival gang members on a porch at 820 East Bowen, Chicago, Illinois, and fired shots from a distance of three or four feet in the direction of Andre Porter.  Porter died as a result of the shooting.  Defendant testified that he saw the victim on the balcony at 820 East Bowen, that he spoke to the victim and left, and that as he left he heard shots, but denied any involvement in the offense.  Defendant said he was no longer a gang member at the time of the shooting.

1-08-3192

On December 5, 1989, defendant was convicted and sentenced to a 30-year prison term. According to defendant, he was paroled on December 2, 2003.

After completing his sentence for the Porter murder, defendant filed a successive postconviction petition on February 28, 2008. Defendant alleged newly discovered evidence demonstrated his actual innocence. In particular, defendant alleged James, who had entered a blind guilty plea for the murder of Porter and had served his sentence and completed parole, provided an affidavit in which he averred that defendant "did not participate in the planning and execution of [Porter's] shooting." The State filed a motion to dismiss the petition.

The trial court dismissed the successive petition on its merits based upon James's affidavit and the trial record. In so doing, the trial court noted that James's affidavit recognized defendant was aware James intended to commit the shooting prior to the offense taking place. The court further provided that the trial evidence demonstrated defendant told the investigating detective that he was a high ranking member of the King Cobras and he would order "hits," not carry them out. The court relied on the fact that defendant admitted he was on the balcony at 820 East Bowen to purchase marijuana from the victim. The court found that James's affidavit was inconsistent with defendant's version of the events at trial. In light of the trial testimony

1-08-3192

of the witnesses and the contradictory stories raised in the postconviction petition, the trial court concluded "there is nothing presented here to cause this to go to a further evidentiary hearing."

DECISION

Although not addressed by the trial court in dismissing defendant's successive postconviction petition on the merits, we first address whether defendant has standing to pursue postconviction relief where he served his sentence on the challenged conviction prior to filing the successive postconviction petition.

We review the second-stage dismissal of a postconviction petition *de novo*.  See *People v. Pack*, 224 Ill. 2d 144, 147, 862 N.E.2d 938 (2007).

Pursuant to the Act, "[a]ny person imprisoned in the penitentiary may institute proceedings under this Article."  725 ILCS 5/122-1(a) (West 2008).  The supreme court, in upholding the constitutionality of the Act, ruled that the Act makes the remedy available "only to persons actually being deprived of their liberty and not to persons who had served their sentences and who might wish to purge their records of past convictions."  *People v. Dale*, 406 Ill. 238, 246, 92 N.E.2d 761 (1950), *overruled in part on other grounds*, *People v. Warr*, 54 Ill. 2d 487, 298 N.E.2d

-4-

1-08-3192

164 (1973).

Distinguishing *Dale*, our supreme court has since held that, where a defendant was on mandatory supervised release at the time his postconviction petition was filed and therefore the Department of Corrections still retained "custody" of the defendant, he had standing to file a postconviction petition. *People v. Correa*, 108 Ill. 2d 541, 546-47, 485 N.E.2d 307 (1985). Other cases have also interpreted the phrase "imprisoned in the penitentiary" to allow standing for postconviction review where a defendant was on probation when his petition was filed (*People v. Montes*, 90 Ill. App. 3d 356, 412 N.E.2d 1363 (1980)); where a defendant was released on an appeal bond when his petition was filed (*People v. Martin-Trigona*, 111 Ill. 2d 295, 489 N.E.2d 1356 (1986)); and where a defendant was serving consecutive sentences while his petition was pending (*Pack*). *Cf. People v. Davis*, 39 Ill. 2d 325, 235 N.E.2d 634 (1968) (where a prisoner was released from prison *after* timely filing his petition, which demonstrated that he was convicted in a jury trial without ever being present or represented by counsel). The common thread in these examples is that the defendants were pursuing a liberty interest, which is the deciding factor in determining who is "imprisoned" for purposes of the Act, and that invalidating the challenged convictions would advance the defendants' release dates from the

1-08-3192

constraints affecting their liberty.

Defendant contends he has standing to challenge his conviction under the Act because he is imprisoned for natural life as a result of the Porter murder conviction where it was used as an element in sentencing him in a subsequent murder conviction.

The supreme court has spoken on a defendant's ability to challenge a conviction under the Act when his sentence has been successfully discharged. In *People v. West*, 145 Ill. 2d 517, 584 N.E.2d 124 (1991), the supreme court held that the defendant was not eligible for postconviction relief for a sentence that had been fully served even though that sentence was used as an aggravating factor in an out-of-state death sentence. *West*, 145 Ill. 2d at 518. Reasoning that "[t]he person must be in prison for the offense he is purporting to challenge," the supreme court concluded the defendant's out-of-state incarceration was not imprisonment within the meaning of the Act because his Illinois sentence and mandatory supervised release period had been completed before he filed his petition for postconviction relief. *Id*. at 519; see also *People v. Thurman*, 334 Ill. App. 3d 286, 777 N.E.2d 971 (2002) (the defendant did not have standing under the Act to challenge a conviction for which he completed the probation sentence where that conviction was later used as a

1-08-3192

sentencing enhancement in an unrelated federal case); *People v. Collins*, 161 Ill. App. 3d 285, 514 N.E.2d 499 (1987) (the defendant did not have standing under the Act to challenge a conviction for which he completed his probationary period where that conviction was later used as a basis for an extended-term sentence in an unrelated case).

In contrast, in *Pack*, the supreme court, partially relying on *Garlotte v. Fordice*, 515 U.S. 39, 46 (1995) (consecutive sentences are to be viewed in the aggregate in construing the statutory term "in custody"), held that the defendant serving consecutive sentences of 7 and 60 years could challenge the conviction on which he was sentenced to 7 years after already having served nearly 13 years' imprisonment. *Pack*, 224 Ill. 2d at 148. The supreme court reasoned that, where the Department of Corrections treated consecutive sentences in the aggregate, the defendant was pursuing a liberty interest because an invalidation of his first conviction would advance his release date. *Id*. at 152-53. Accordingly, the supreme court held that "a prisoner serving consecutive sentences is 'imprisoned' under any one of them for purposes of section 122-1(a)." *Id*. at 152. The supreme court distinguished *West* based on the fact that the defendant in *West* was seeking to challenge his conviction for purposes of purging his record, which is not a remedy available under the

-7-

1-08-3192

Act.  *Id*. at 153 (citing *Dale*, 406 Ill. at 246).

The facts of the instant case are more similar to those in *West* than those in *Pack*.  The *Pack* defendant had not completed his sentence for the challenged conviction because the two consecutive sentences were *considered as one*.  Consequently, the invalidation of the challenged conviction would reduce the sentence for *that offense* such that the restraints on his liberty could be reduced by seven years.  In contrast, because defendant successfully completed his sentence for the challenged conviction, his liberty interest for the Porter murder cannot be affected.  Rather, defendant effectively requests the ability to purge his record.  The supreme court has been clear that a defendant may not use the Act to purge his record of a conviction for which the sentence has been completed.  *Dale*, 406 Ill. at 246.

Defendant attempts to distinguish *West*, *Thurman*, and *Collins* by contending those challenged convictions were used only as aggravating factors in the subsequent unrelated sentences whereas his challenged conviction was used as an element in his subsequent natural life imprisonment.  According to defendant, the invalidation of the challenged convictions in *West*, *Thurman*, and *Collins* would purge the defendants' records but still require them to raise another claim of error in relation to the

subsequent sentences, whereas, in contrast, his natural life sentence would become void if the Porter conviction were invalidated. We disagree. Defendant's conviction, similar to the prior convictions of the defendants in *West*, *Thurman*, and *Collins*, was a sentencing enhancement. The underlying convictions in all of the cases had to be proven in order for the enhancement to be applied to the sentences.

"[S]tanding does not exist under the Post-Conviction Act following the completion of a sentence." *Thurman*, 334 Ill. App. 3d at 290. We recognize the Act is to be "liberally construed to afford a convicted person an opportunity to present questions of deprivation of constitutional rights" (*Correa*, 108 Ill. 2d at 545); however, the Act and its remedies are not available to defendants whose sentences have been completed and whose liberty interests are no longer restrained. *People v. Rajagopal*, 381 Ill. App. 3d 326, 330, 885 N.E.2d 1152 (2008). Moreover, case law demonstrates that a defendant retains standing so long as he is challenging the conviction upon which he continues to serve some form of sentence and therefore his liberty interests would be directly affected with an invalidation of that conviction. Defendant was no longer serving any form of sentence for the Porter conviction when he filed his postconviction petition. We, therefore, find defendant did not have standing under the Act to

1-08-3192

challenge the Porter conviction.

Because we may affirm on any basis provided by the record (*People v. Anderson*, 401 Ill. App. 3d 134, 138, 929 N.E.2d 1206 (2010)) and we have determined defendant does not have standing to challenge the Porter conviction, we need not address the merits of his postconviction claim.

CONCLUSION

We affirm the judgment of the trial court dismissing defendant's postconviction petition.

Affirmed.

1-08-3192

THE PEOPLE OF THE STATE OF ILLINOIS,

Plaintiff-Appellee,

v.

ARTHUR DENT,

Defendant-Appellant.

No. 1-08-3192

Appellate Court of Illinois
First District, FIRST DIVISION

March 31, 2011

JUSTICE LAMPKIN delivered the judgment of the court, with opinion.

Presiding Justice Hall and Justice Hoffman concurred in the judgment and opinion.

Appeal from the Circuit Court of Cook County.
The Hon. James B. Linn, Judge Presiding.

**COUNSEL FOR APPELLANT**
Michael J. Pelletier, State Appellate Defender, Chicago, IL 60601
Patricia Unsinn, Deputy Defender
OF COUNSEL: Caroline E. Bourland

**COUNSEL FOR APPELLEE**
Anita Alvarez, Cook County State's Attorney, Chicago, IL 60602
OF COUNSEL: Alan J. Spellberg, Mary P. Needham
and Peter Maltese

-11-

1-08-3192