# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Bethel*, 2012 IL App (5th) 100330

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROBERT D. BETHEL, Defendant-Appellant. |
| District & No. | Fifth District<br>Docket No. 5-10-0330 |
| Rule 23 Order filed<br>Motion to publish granted | July 10, 2012<br><br>August 31, 2012 |
| Held<br><br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Defendant's postconviction petitions alleging that he would not have entered guilty pleas to aggravated criminal sexual assault if he had known the legislature would later amend the Sexually Violent Persons Commitment Act to toll the term of mandatory supervised release upon the filing of a subsequent petition under the Act until the petition is dismissed or defendant is found no longer sexually violent and discharged failed to state the gist of a constitutional claim in the absence of any basis for applying the amendment retroactively. |
| Decision Under Review | Appeal from the Circuit Court of Clinton County, Nos. 89-CF-240, 91-CF-9 cons.; the Hon. Ericka A. Sanders, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on Appeal

Michael J. Pelletier, Johannah B. Weber, and Robert S. Burke, all of State Appellate Defender's Office, of Mt. Vernon, for appellant.

John Hudspeth, State's Attorney, of Carlyle (Patrick Delfino, Stephen E. Norris, Patrick D. Daly, and Neha Sharma, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

PRESIDING JUSTICE DONOVAN delivered the judgment of the court, with opinion.

Justices Chapman and Spomer concurred in the judgment and opinion.

## OPINION

¶ 1        The defendant, Robert D. Bethel, appeals from orders of the circuit court summarily dismissing his claims for postconviction relief. The defendant contends that he stated the gist of a constitutional claim in that he did not knowingly and voluntarily agree to an open-ended, possibly lifelong term of mandatory supervised release (MSR) when he entered guilty pleas in Nos. 89-CF-240 and 91-CF-9, and that if he had known that the legislature was going to enact a statutory amendment that would toll the running of the term of his MSR during the period he was committed as a sexually violent person, he would not have entered guilty pleas in those cases. The defendant also contends that the application of the amendment tolling the running of his term of MSR is a violation of the constitutional prohibition against *ex post facto* punishment. We affirm.

¶ 2        In November 1989, the defendant was charged in the circuit court of Clinton County (cause No. 89-CF-240) with two counts of aggravated criminal sexual assault, a Class X felony. The information alleged that the assault occurred on August 20, 1989. On November 20, 1990, pursuant to a negotiated plea agreement, the defendant entered a plea of guilty to one count of aggravated criminal sexual assault and the State dismissed the other count. Before accepting the defendant's guilty plea, the trial court advised the defendant that aggravated criminal sexual assault carried a nonextended range of punishment of 6 years to 30 years in prison and a 3-year term of MSR. On April 29, 1991, the trial court sentenced the defendant to a prison term of 25 years and a 3-year term of MSR. The defendant did not file a motion to withdraw his guilty plea or reduce his sentence. He did not appeal.

¶ 3        On January 14, 1991, the defendant was charged in Clinton County circuit court (cause No. 91-CF-9) with aggravated criminal sexual assault. The information alleged that the defendant sexually assaulted a prisoner in the Clinton County jail on October 4, 1990, while awaiting transfer to the penitentiary to begin serving his time in No. 89-CF-240. On October 25, 1991, the defendant entered a negotiated plea of guilty to aggravated criminal sexual

assault. He was sentenced to a prison term of 15 years and a 3-year term of MSR. The sentence was to run consecutive to the sentence in No. 89-CF-240. The defendant did not file a motion to withdraw his guilty plea or reduce his sentence. He did not appeal.

¶ 4        On September 4, 2009, six days before the defendant was scheduled to complete his prison sentences and begin his three-year term of MSR, the State filed a civil petition in the circuit court of Clinton County (cause No. 09-MR-85) pursuant to the Sexually Violent Persons Commitment Act (Act) (725 ILCS 207/1 to 99 (West 2008)). While the State's petition was pending, the defendant filed *pro se* postconviction petitions in Nos. 89-CF-240 and 91-CF-9. The postconviction petitions were filed April 1, 2010. In each petition, the defendant asserted that he entered guilty pleas to crimes that occurred in 1989 and 1990; that an amendment to the Sexually Violent Persons Commitment Act, which became effective in January 1998, added a subsection providing that the running of a defendant's term of MSR would be tolled upon the filing of a petition under the Act and until such time as the petition is dismissed or the defendant is found no longer sexually violent and discharged by the court; that the tolling provision impermissibly and substantially increases the sentence for which he originally bargained in that it increases a determinate three-year MSR term to an open-ended and indefinite term in violation of his constitutional due process rights; and that if he had been made aware that the legislature was going to enact a provision tolling the running of his MSR term, he would not have entered guilty pleas in Nos. 89-CF-240 and 91-CF-9. The defendant asked the court to vacate the guilty plea and his conviction in each case.

¶ 5        In a written order entered June 28, 2010, the circuit court stated that it had examined the allegations in the defendant's postconviction petitions and determined that the defendant failed to state the gist of a constitutional violation. The court summarily dismissed the defendant's postconviction petitions. The order states in part:

"While a petition can only be filed if the offender has been convicted of certain crimes, the filing of said petition is a collateral consequence of his conviction, not a direct consequence. Direct consequences are those that are 'definite, immediate, and largely automatic in their effect upon a defendant's punishment.' [Citation.] The failure to inform a defendant of a consequence of his plea is material, and can be the basis to reverse a conviction, if the consequence flows directly from the conviction. [Citation.] Collateral consequences, however, concern issues 'beyond the court's control,['] such as the length of time served on a sentence that has been imposed. [Citations.] Setting aside the fact that the Act became law after the Petitioner was sentenced–thereby making it impossible for him to be informed of the possibility of the filing of the petition and the tolling of his MSR–the tolling, at best, is a collateral consequence of his pleas and convictions. Even if the Act had been in existence at the time of the Petitioner's pleas, he had no constitutionally protected right to be informed that the filing of a petition pursuant to the Act could toll his MSR. There being no violation of Petitioner's right to due process, this Court finds that Petitioner has failed to state the gist of a constitutional violation and his Petition is denied."

¶ 6        The defendant appealed the summary dismissal of his postconviction petitions. During oral arguments before this court, the State requested leave to file a supplemental brief on an issue of the defendant's standing to file the postconviction petitions, and the defendant stated

that he had no objection. We directed the State to file a written motion. The State filed its motion. Having received no objection from the defendant, we granted the parties leave to file supplemental briefs on the issue of standing. Shortly after the State filed its supplemental brief, the defendant filed a motion to strike it. We denied that motion. The defendant filed a supplemental brief on standing. Shortly thereafter, the defendant filed a "Motion for Limited Remand for Evidentiary Hearing on the Question of Standing." The defendant's motion and the supplemental briefs were taken with the case, and we consider them now.

¶ 7    In its supplemental brief, the State argues that because the defendant's MSR term is tolled under section 15(e) of the Act (725 ILCS 207/15(e) (West 2008)), the defendant is not currently "imprisoned," but rather, committed to the Department of Human Services, and as such he does not have standing to file a postconviction petition. We do not agree.

¶ 8    Section 122-1 of the Post-Conviction Hearing Act states that any person imprisoned in the penitentiary may institute a proceeding under the Post-Conviction Hearing Act if the person asserts that in the proceedings resulting in his conviction there was a substantial denial of his rights under the Constitution of the United States or the State of Illinois. 725 ILCS 5/122-1(a)(1) (West 2008). A person is imprisoned in the penitentiary within the meaning of the Post-Conviction Hearing Act if his liberty is actually constrained because of a criminal conviction. *People v. Martin-Trigona*, 111 Ill. 2d 295, 300-01, 489 N.E.2d 1356, 1358-59 (1986). Relief under the Post-Conviction Hearing Act is available to those persons who are actually incarcerated and to those who are subject to being confined, such as those on probation, parole, MSR, or appeal bond. *People v. Pack*, 224 Ill. 2d 144, 150-52, 862 N.E.2d 938, 942-43 (2007); *Martin-Trigona*, 111 Ill. 2d at 299-301, 489 N.E.2d at 1358-59 (a person is imprisoned if his liberty is deemed to be on a string that the State may pull whenever it pleases). In contrast, persons who have served their prison term and term of parole or MSR and who merely wish to purge their criminal records of past convictions are not "imprisoned" persons entitled to relief under the Post-Conviction Hearing Act. *People v. West*, 145 Ill. 2d 517, 584 N.E.2d 124 (1991); *Martin-Trigona*, 111 Ill. 2d at 299, 489 N.E.2d at 1358.

¶ 9    In this case, the record shows that as of the date that the defendant filed his postconviction petition, he had not completed the three-year term of MSR and remained subject to potential revocation of MSR. The records of the Illinois Department of Corrections identify the defendant's status as "parole" and show that the defendant's sentences in Nos. 89-CF-240 and 91-CF-9 have not been discharged. Under these facts, the defendant clearly fits within the class of persons whose liberty is constrained by virtue of his convictions, and he has standing to seek relief under the Post-Conviction Hearing Act. *Pack*, 224 Ill. 2d at 150-52, 862 N.E.2d at 942-43; *Martin-Trigona*, 111 Ill. 2d at 299-301, 489 N.E.2d at 1358-59. Whether the running of the defendant's term of MSR is tolled is inconsequential. Accordingly, we find no reason to remand this case for an evidentiary hearing on the issue of standing. The defendant's motion for a limited remand is denied.

¶ 10   At the first stage of proceedings on a postconviction petition, the trial court is required to independently examine the petition to determine whether the allegations present the gist of a substantial constitutional claim. *People v. Brown*, 236 Ill. 2d 175, 184, 923 N.E.2d 748, 754 (2010); *People v. Coleman*, 183 Ill. 2d 366, 380 n.2, 701 N.E.2d 1063, 1071 n.2 (1998).

When making this determination, all well-pleaded facts that are not rebutted by the record are taken as true, and the allegations made in the petition are liberally construed in favor of the defendant. *Brown*, 236 Ill. 2d at 184, 923 N.E.2d at 754. A court may summarily dismiss the petition if it finds that the allegations are frivolous or patently without merit. 725 ILCS 5/122-2.1(a)(2) (West 2008). The first-stage dismissal of a postconviction petition is reviewed *de novo*. *Brown*, 236 Ill. 2d at 184, 923 N.E.2d at 754.

¶ 11    In his first point, the defendant claims that the circuit court erred in summarily dismissing his postconviction claims. The defendant contends that he stated the gist of a constitutional claim in that he did not knowingly and voluntarily agree to an open-ended, possibly lifelong term of MSR when he entered guilty pleas in Nos. 89-CF-240 and 91-CF-9, and that if he had known that the legislature was going to enact a statutory amendment that would toll the running of the term of his MSR during the period he was committed as a sexually violent person, he would not have entered guilty pleas in those cases. An issue central to the defendant's claims is whether subsection 15(e), which was added as part of the 2007 amendments to the Act, applies retroactively to the defendant's pleas and sentences in Nos. 89-CF-240 and 91-CF-9.

¶ 12    The Sexually Violent Persons Commitment Act went into effect on January 1, 1998. 725 ILCS 207/99 (West 2008). Eight years later, a bill proposing amendments and additions to the Act (Senate Bill 2873) was filed with the Secretary of the Illinois Senate. See 94th Ill. Gen. Assem., Senate Bill 2873, 2006 Sess. Senate Bill 2873 was enacted on July 3, 2006, and it became effective on January 1, 2007. See Pub. Act 94-992 (eff. Jan. 1, 2007) (amending 725 ILCS 207/15 (West 2004)). The amendatory legislation of 2007 revised the Act, in part, by adding subsection 15(e). See Pub. Act 94-992 (eff. Jan. 1, 2007).

¶ 13    Subsection 15(e) states as follows:

"(e) The filing of a petition under this Act shall toll the running of the term of parole or mandatory supervised release until:

(1) dismissal of the petition filed under this Act;

(2) a finding by a judge or jury that the respondent is not a sexually violent person; or

(3) the sexually violent person is discharged under Section 65 of this Act, unless the person has successfully completed a period of conditional release pursuant to Section 60 of this Act." 725 ILCS 207/15(e) (West 2008).

¶ 14    The Illinois Supreme Court adopted the retroactivity analysis announced by the United States Supreme Court in *Landgraf v. USI Film Products*, 511 U.S. 244 (1994). *Commonwealth Edison Co. v. Will County Collector*, 196 Ill. 2d 27, 39, 749 N.E.2d 964, 972 (2001). In considering the retroactivity of a statutory amendment under *Landgraf*, a court will initially determine whether the legislature has expressly stated the temporal reach of the amendment. *Doe A. v. Diocese of Dallas*, 234 Ill. 2d 393, 405, 917 N.E.2d 475, 482 (2009). If the legislature has done so, then absent a constitutional prohibition, the expression of the legislature must be given effect. *Diocese of Dallas*, 234 Ill. 2d at 405, 917 N.E.2d at 482. When the legislature has not clearly stated the temporal reach of the statutory amendment, a court will next determine whether applying the amendment would have a retroactive

impact. *Diocese of Dallas*, 234 Ill. 2d at 405, 917 N.E.2d at 482. In making this determination, a court will consider whether the retroactive application of the statutory amendment impairs rights a party possessed while acting, increases a party's liability for past conduct, or imposes new duties with respect to transactions already completed. *Diocese of Dallas*, 234 Ill. 2d at 405, 917 N.E.2d at 482. Section 4 of the Statute on Statutes (5 ILCS 70/4 (West 1998)) provides a clear legislative directive as to the temporal reach of the statutory amendments when none is expressly stated. *Diocese of Dallas*, 234 Ill. 2d at 406, 917 N.E.2d at 483. Under section 4, statutory amendments that are procedural may be applied retroactively, while amendments that are substantive may not. 5 ILCS 70/4 (West 1998); *Diocese of Dallas*, 234 Ill. 2d at 406, 917 N.E.2d at 483. If the court finds that retroactive application has inequitable consequences, the court will presume that the statute does not govern the case. *Diocese of Dallas*, 234 Ill. 2d at 405, 917 N.E.2d at 482.

¶ 15 Subsection 15(e) does not expressly state that it applies retroactively, and there is no legislative directive as to the temporal reach of this provision in the 2007 amendments to the Act. Therefore we must determine whether applying subsection 15(e) would have a retroactive impact in the defendant's cases. And so we consider whether subsection 15(e) is a substantive or procedural amendment to the Act.

¶ 16 The construction of a statute is a question of law that is reviewed *de novo*. *In re Detention of Powell*, 217 Ill. 2d 123, 135, 839 N.E.2d 1008, 1014 (2005). The primary goal of statutory construction is to ascertain and give effect to the legislative intent. *Powell*, 217 Ill. 2d at 135, 839 N.E.2d at 1015. The most reliable indication of legislative intent is the plain and ordinary language of the statute. *Powell*, 217 Ill. 2d at 135, 839 N.E.2d at 1015.

¶ 17 The word "toll" is not defined in the amendatory legislation of 2007 or anywhere else in the Act. Black's Law Dictionary defines the verb "toll" to mean "to stop the running of; to abate." Black's Law Dictionary 1495 (7th ed. 1999). Under this definition, the filing of a petition under the Act suspends the running of the term of parole or MSR until the petition is dismissed or the defendant is discharged. During brief discussions of Senate Bill 2873, two of the sponsoring legislators, Senator Harmon and Representative Gordon, noted that subsection 15(e) tolled the running of the term of parole or MSR of a sexual offender while he or she is committed as a sexually violent person so that when the offender is found to be no longer a sexually violent person, he or she, upon release from the institution, will be required to serve a term of parole, thus ensuring intensive supervision upon release. See 94th Ill. Gen. Assem., Senate Proceedings, Feb. 22, 2006, at 47 (statements of Senator Harmon); 94th Ill. Gen. Assem., House Proceedings, Mar. 30, 2006, at 56-57 (statements of Representative Gordon). The tolling provision was enacted to ensure that a defendant is subject to intensive supervision upon being released from the institution.

¶ 18 Subsection 15(e) plainly states that upon filing a petition under the Act, the running of the term of MSR is suspended. There is no language in subsection 15(e) or elsewhere in amendatory legislation that excuses a defendant from complying with the terms and conditions of MSR during the period in which the running of the MSR term is tolled. If subsection 15(e) applies retroactively in the defendant's cases, it appears that the defendant would remain on MSR and subject to its conditions and potential revocation proceedings during the period that he is committed to a secure treatment facility and until discharge, at

which time he would be required to serve his term of MSR. Application of the tolling provision would have a definite, immediate, and substantive effect on the length of the defendant's MSR term. *People v. Williams*, 188 Ill. 2d 365, 372, 721 N.E.2d 539, 544 (1999). Where subsection 15(e) contains no express provision regarding its temporal reach and where subsection 15(e) concerns substantive rather than procedural matters, we will presume that the tolling provision does not apply retroactively to the defendant's pleas and sentences in Nos. 89-CF-240 and 91-CF-9.

¶ 19    The premise underlying the defendant's postconviction claims is that the tolling provision in subsection 15(e) would be retroactively applied. Absent that erroneous foundation, the allegations in the defendant's petition are not sustainable. After reviewing the allegations in the defendant's postconviction claims, we conclude that the defendant failed to state the gist of a constitutional claim, and we affirm the summary dismissal of the defendant's postconviction petitions.

¶ 20    If we assume for the sake of argument that subsection 15(e) applies prospectively to the defendant, then we would necessarily presume that the legislature, in enacting the amendment, did not intend for a committed defendant to be bound to the terms and conditions of MSR and subject to revocation of MSR during the period of commitment. Such a construction would give effect to the stated legislative intent to ensure that a defendant be subject to intensive supervision upon his discharge from commitment without increasing a defendant's punishment.

¶ 21    Accordingly, the defendant's motion for a limited remand to hold an evidentiary hearing on the issue of standing is denied, and the judgment of the circuit court of Clinton County is affirmed.

¶ 22    Affirmed.