NOTICE
Decision filed 01/10/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 231191-U

NO. 5-23-1191

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Williamson County. |
| | ) | |
| v. | ) | No. 13-CF-196 |
| | ) | |
| DAVID LEE BURGER, | ) | Honorable |
| | ) | Michelle M. Schafer, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE BOIE delivered the judgment of the court.
Justices Welch and Barberis concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The circuit court did not err in summarily dismissing the defendant's postconviction petition and his "Petition for Post-Conviction Hearing." Defendant cannot show actual innocence or ineffective assistance of counsel. As any arguments to the contrary would lack merit, we grant petitioner's appointed counsel on appeal leave to withdraw and affirm the circuit court's judgment.

¶ 2    Defendant, David Lee Burger, pled guilty to child pornography and was sentenced to eight years in the Illinois Department of Corrections (IDOC). He was civilly committed as a sexually violent person (SVP) following his release in 2017. He appeals from the denial of his "Petition for Post-Conviction Hearing." Defendant's appointed attorney in this appeal, the Office of the State Appellate Defender (OSAD), has concluded that this appeal lacks substantial merit. On that basis, OSAD has filed a motion to withdraw as counsel pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987), along with a memorandum of law in support of that motion.

1

¶ 3    This court gave defendant an opportunity to file a *pro se* brief, memorandum, or other document explaining why OSAD should not be allowed to withdraw as counsel, or why this appeal has merit, and he has done so. This court has examined OSAD's *Finley* motion and the accompanying memorandum of law, defendant's response, the entire record on appeal, and has concluded that this appeal does indeed lack merit. Accordingly, OSAD is granted leave to withdraw as counsel, and the judgment of the circuit court is affirmed.

¶ 4                                    BACKGROUND

¶ 5    Defendant pled guilty to child pornography on October 31, 2013. The State read the factual basis for the plea, that defendant "knowingly depicted by a computer a child whom he reasonably should have known to be under the age of 18 years and at least 13 years of age where such child was portrayed in a pose involving the lewd exposition of the unclothed buttocks." Defendant was sentenced to eight years' imprisonment and was civilly committed as a SVP after his release in 2017.

¶ 6    Defendant filed a postconviction petition on November 15, 2022, alleging ineffective assistance of counsel and actual innocence. He argued that his guilty plea attorney did not allow him to view the image for which he was prosecuted, instead describing the image to defendant as "[a] young girl wearing a g-string bikini and turned in such a way as to show one buttock." Defendant explained that from this description, he understood that "[t]he mere visibility of the child's buttock rendered the image pornographic, despite the fact [his attorney] never described the image as having any sexual component." His attorney also told him that he had "already confessed" to police by admitting that he had seen "her," and advised defendant to plead guilty.

¶ 7    In his petition, defendant argued that his attorney's description of the image did not constitute child pornography under *United States v. Dost*, 636 F. Supp. 828 (S.D. Cal. 1986), which

provides factors to consider in determining whether an image constitutes child pornography. He asserted that he was therefore "genuinely innocent of this crime." Defendant also claimed that his decision to plead guilty was "predicated entirely on [his] belief that [his attorney] would not have offered that as his only strategy unless it really was the only possible strategy." However, defendant's recent research led him to believe that he did, in fact, have a viable defense, and he contended that his attorney was ineffective for not pursuing it.

¶ 8 Defendant had completed his sentence at the time that he filed his postconviction petition. However, he argued that it should still be reviewed because his adjudication as an SVP was based largely on his 2013 child pornography conviction, and overturning the conviction could "prove a large lever" in challenging his civil commitment. He cited *People v. Grant*, 2020 IL App (3d) 160758 (overturned on other grounds by *People v. Grant*, 2022 IL 126824), for the proposition that a defendant who had completed their sentence could still seek postconviction relief if such relief might have "important consequences" for the defendant. *Grant*, 2020 IL App (3d) 160758, ¶ 15.

¶ 9 The circuit court summarily dismissed defendant's petition on January 18, 2023. The circuit court found that because defendant had completed his sentence, there was "no viable basis for reopening the matter on a post-conviction basis."

¶ 10 Defendant thereafter filed a "Petition for Reconsideration of First-Stage Dismissal of Petition for Post-Conviction Relief" on February 22, 2023. He argued that "if the Court will review the evidence and [his attorney's] case file, Court will conclude no crime was committed and petitioner was not properly served by his counsel." The circuit court dismissed defendant's "petition" for reconsideration. Citing *People v. West*, 145 Ill. 2d 517 (1991), the circuit court again

3

found that defendant did not have standing to pursue postconviction relief because he had completed his sentence.

¶ 11 Sometime after the dismissal of this petition, defendant sent this court a "Petition to Reverse Decision of Circuit Court and Allow Post-Conviction Proceedings to Advance." He claimed that he was still "in custody" for the purposes of postconviction standing, as he was civilly committed at the Rushville Treatment and Detention Facility. Defendant also claimed that, according to the IDOC website, he had not completed his mandatory supervised release (MSR) and therefore had standing under *People v. Bethel*, 2012 IL App (5th) 100330.

¶ 12 On April 19, 2023, the clerk of this court returned the petition to defendant, interpreting it as an attempt to appeal the circuit court's dismissal of his most recent petition. Because this court exercises appellate jurisdiction, the clerk advised him to instead file a notice of appeal with the circuit court.

¶ 13 On October 30, 2023, defendant filed a "Petition for Post-Conviction Hearing." In this petition, he claimed that the image for which he was prosecuted was actually child erotica and not child pornography, and there have been "a number of significant decisions" since his guilty plea which determined "that child erotica is and always was constitutionally-protected speech." He raised several allegations of ineffective assistance of guilty plea counsel, including that his counsel (1) "failed to subject the prosecution's case to meaningful adversarial testing"; (2) refused to share evidence with defendant, in particular the alleged child pornography; (3) did not ask for defendant's recitation of the offense; (4) "usurped the role of trier of fact by assuming [defendant's] guilt without trial"; and (5) failed to "make use of FBI's refusal to pursue federal charges as leverage against the State's charges."

4

¶ 14    The circuit court dismissed defendant's petition on November 8, 2023, on the basis that he had completed his sentence and therefore lacked standing. Defendant now appeals from this decision.

¶ 15                                    ANALYSIS

¶ 16    OSAD argues that dismissal of the petition was proper, and there are no meritorious arguments to the contrary. In the memorandum supporting its *Finley* motion to withdraw as counsel, OSAD states that it considered raising four potential issues on appeal: (1) whether defendant has standing to file a postconviction petition, (2) whether defendant raises an arguable claim of actual innocence, (3) whether defendant's trial counsel provided ineffective assistance, and (4) whether the circuit court complied with the Post-Conviction Hearing Act in summarily dismissing defendant's postconviction petition. OSAD has determined that while the circuit court may have erred in finding that defendant lacked standing, the remaining three issues would be without arguable merit, and the circuit court's dismissal of his petition was therefore proper. As we agree with counsel's assessment, we grant OSAD leave to withdraw.

¶ 17                    A. The Post-Conviction Hearing Act

¶ 18    The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2022)) provides a statutory remedy to criminal defendants who claim that substantial violations of their constitutional rights occurred at trial. *People v. Taliani*, 2021 IL 125891, ¶ 53; *People v. Edwards*, 2012 IL 111711, ¶ 21. A proceeding under the Act is a collateral proceeding, not an appeal from the judgment of conviction. *People v. English*, 2013 IL 112890, ¶ 21. The Act provides for three stages of postconviction proceedings. *People v. Cotto*, 2016 IL 119006, ¶ 26. At the first stage, "the circuit court determines whether the petition is 'frivolous or is patently without merit.' " *Id.* (quoting 725 ILCS 5/122-2.1(a)(2) (West 2010)).

¶ 19    At the first stage, the bar for surviving dismissal is low—the petitioner need only present a limited amount of detail, and the circuit court liberally construes the petition in the petitioner's favor. *People v. Hodges*, 234 Ill. 2d 1, 9, 21 (2009). Our courts have stated that a *pro se* petitioner must merely "allege enough facts to make out a claim that is arguably constitutional for purposes of invoking the Act." *Id.*; see also *People v. Porter*, 122 Ill. 2d 64, 74 (1988) (stating that only a "gist" of a constitutional claim is needed at this stage). A *pro se* postconviction petition may be summarily dismissed only if it has no arguable basis either in law or in fact. *Hodges*, 234 Ill. 2d at 16 (citing 725 ILCS 5/122-2.1(a)(2) (West 2006)). "A petition which lacks an arguable basis either in law or in fact is one which is based on an indisputably meritless legal theory or a fanciful factual allegation." *Id.* The circuit court's summary dismissal of a postconviction petition is subject to *de novo* review. *People v. Coleman*, 183 Ill. 2d 366, 388-89 (1998).

¶ 20                                    B. Standing

¶ 21    Under the Act, "any person imprisoned in the penitentiary" may assert that his or her conviction was the result of a substantial denial of his or her rights under the United States or Illinois Constitutions. *People v. Johnson*, 2021 IL 125738, ¶ 22; 725 ILCS 5/122-1(a)(1) (West 2022). A petitioner loses standing to seek relief under the Act if he completes his sentence and is, thus, no longer "imprisoned in the penitentiary." *Johnson*, 2021 IL 125738, ¶ 37. At the time defendant filed his petition, he had completed his sentence and is now civilly committed as an SVP. Because defendant had completed his sentence, the circuit court found that he lacked standing to seek postconviction relief and summarily dismissed the petition from which he now appeals.

¶ 22    Our supreme court has held that civilly committed persons are not "imprisoned in the penitentiary," and therefore cannot seek relief under the Act. *People v. Lawton*, 212 Ill. 2d 285,

297 (2004). However, we have held that "[a] person is imprisoned in the penitentiary within the meaning of the Post-Conviction Hearing Act if his liberty is actually constrained because of a criminal conviction." *Bethel*, 2012 IL App (5th) 100330, ¶ 8. A probationary sentence satisfies this requirement. *Id.* ¶ 9; *People v. Stavenger*, 2015 IL App (2d) 140885, ¶ 8.

¶ 23    Civil commitment as an SVP tolls the running of an MSR term until the civilly-committed person is discharged. 725 ILCS 207/15(e) (West 2022). The IDOC website indicates that defendant was civilly committed before completing his MSR term. Assuming this information is accurate, he falls within the class of persons whose liberty is constrained by virtue of his conviction and has standing to pursue relief under the Act. Therefore, OSAD concludes that the circuit court may have erred in dismissing defendant's petition due to lack of standing. Regardless, the remaining potential arguments demonstrate that this appeal lacks arguable merit because defendant's petition was properly dismissed at the first stage.

¶ 24                                  C. Actual Innocence

¶ 25    To establish a claim of actual innocence,

> "the supporting evidence must be (1) newly discovered, (2) material and not cumulative, and (3) of such conclusive character that it would probably change the result on retrial. [Citations.] Newly discovered evidence is evidence that was discovered after trial and that the petitioner could not have discovered earlier through the exercise of due diligence. [Citation.] Evidence is material if it is relevant and probative of the petitioner's innocence. Noncumulative evidence adds to the information that the fact finder heard at trial. [Citation.] Lastly, the conclusive character element refers to evidence that, when considered along with the trial evidence, would probably lead to a different result. [Citation.]" *People v. Robinson*, 2020 IL 123849, ¶ 47.

7

The most important element of an actual innocence claim is the conclusive character of the new evidence. *Id.* Put another way, the evidence must raise "the probability that it is more likely than not that no reasonable juror would have convicted" the defendant. (Internal quotation marks omitted.) *Edwards*, 2012 IL 111711, ¶ 24. Our supreme court has acknowledged that the standard for an actual innocence claim "is extraordinarily difficult to meet." *People v. Coleman*, 2013 IL 113307, ¶ 94.

¶ 26 In this case, defendant claims that he "is and always was actually innocent of the charged offense." He argues that "the image(s) for which Defendant was prosecuted actually constituted child erotica and not child pornography" and "since [he] entered his plea of guilty there have been a number of significant decisions dividing child pornography and child erotica determining that child erotica is and always was constitutionally-protected speech."

¶ 27 OSAD argues that defendant's claim of actual innocence fails to demonstrate that a trial would have "probably result[ed] in acquittal" and, thus, lacks arguable merit. *People v. Reed*, 2020 IL 124940, ¶ 41. Defendant seemingly attacks the sufficiency of the evidence in arguing that the image for which he was prosecuted was "child erotica and not child pornography." However, defendant pled guilty to the charge of child pornography and therefore waived his right to have the charge proven beyond a reasonable doubt. *Hill v. Cowan*, 202 Ill. 2d 151, 154 (2002) ("A guilty plea is intrinsically a relinquishment of the right to a trial, at which the State would be put to its burden of proof beyond a reasonable doubt.").

¶ 28 Defendant does not present any "new, material, noncumulative evidence" of his innocence to support his claim. *Reed*, 2020 IL 124940, ¶ 49; see also *Robinson*, 2020 IL 123849, ¶ 47. Without citing to any authority, he merely argues that there have been "a number of significant

decisions" finding that child erotica is constitutionally-protected speech. It is not our duty to conduct research on the appellant's behalf. See *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 80 ("This court is not a depository in which the burden of argument and research may be dumped."). Furthermore, even if defendant had cited to any such caselaw, it would be inapplicable to his case. He pled guilty to the charge, stipulating that the image he had viewed constituted child pornography as described in section 11-20.1(a)(vii) of the Criminal Code of 2012 (720 ILCS 5/11-20.1(a)(vii) (West 2012)). In sum, defendant does not present any evidence supporting his claim of actual innocence, and his argument therefore fails.

¶ 29                              D. Ineffective Assistance of Counsel

¶ 30    Defendants have a constitutional right to the effective assistance of counsel at all critical stages of criminal proceedings, including the entry of a guilty plea. U.S. Const., amends. VI, XIV; Ill. Const. 1970, art. I, § 8; *Strickland v. Washington*, 466 U.S. 668, 684-86 (1984); *People v. Hughes*, 2012 IL 112817, ¶ 44. Defendant argues that he was denied the effective assistance of plea counsel where his counsel (1) "failed to subject the prosecution's case to meaningful adversarial testing"; (2) refused to share evidence with defendant, in particular the alleged child pornography; (3) did not ask for defendant's recitation of the offense; (4) "usurped the role of trier of fact by assuming [defendant's] guilt without trial"; and (5) failed to "make use of FBI's refusal to pursue federal charges as leverage against the State's charges."

¶ 31    A postconviction claim of ineffective assistance of counsel is not frivolous and patently without merit if (1) it is arguable that counsel's performance fell below an objective standard of reasonableness and (2) it is arguable that the defendant was prejudiced. *Hodges*, 234 Ill. 2d at 17. Prejudice is shown if there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A defendant

9

must show that counsel's deficient performance affected the outcome of the proceedings; it is insufficient to simply allege that, but for counsel's errors, the defendant would not have pled guilty. *People v. Rissley*, 206 Ill. 2d 403, 458-59 (2003).

¶ 32    Defendant argues that his guilty plea counsel "utterly refused to review any of the State's evidence" with him prior to his guilty plea, "rendering plea involuntary and unknowing." However, an attorney's decision to share evidence with a client is a matter of trial strategy. *People v. Walker*, 2019 IL App (3d) 170374, ¶ 18; *People v. Savage*, 361 Ill. App. 3d 750, 757 (2005). As such, an attorney's decision as to what evidence to share with their client is afforded "a strong presumption that it was the product of sound trial strategy rather than incompetence." *Walker*, 2019 IL App (3d) 170374, ¶ 18 (citing *Coleman*, 183 Ill. 2d at 397). This presumption may be overcome by a showing that counsel's decision to not go over evidence with the defendant was "so irrational that no reasonably effective defense attorney in similar circumstances would pursue such a strategy." *People v. Peterson*, 2017 IL 120331, ¶ 80.

¶ 33    Defendant does not present any evidence to overcome this strong presumption of competent trial strategy, only offering the conclusory statement that his inability to view the evidence against him rendered his guilty plea "involuntary and unknowing." This is insufficient to show that his plea counsel was ineffective. *Rissley*, 206 Ill. 2d at 458-59 ("a showing that the ineffective performance affected the outcome of the plea process is required" for an arguable claim of ineffective assistance of guilty plea counsel (citing *Hill v. Lockhart*, 474 U.S. 52, 59-60 (1985))).

¶ 34    Defendant's claim that his counsel was ineffective for advising him to plead guilty also lacks merit. Defendant contends that his counsel "refused to ask for or listen to [his] recitation of events" and "assum[ed] [his] guilt," rather than "subject the prosecution's case to meaningful adversarial testing," and "make use of FBI's refusal to pursue federal charges" at trial. But a

10

defense attorney's honest assessment of their client's case cannot be the basis for a finding of ineffectiveness. *People v. La Pointe*, 2015 IL App (2d) 130451, ¶ 87. Defendant argues that the image for which he was prosecuted was not a "lewd exhibition" prohibited by statute, and thus, his attorney was ineffective for not crafting a defense. 720 ILCS 5/11-20.1(a)(vii) (West 2012).

¶ 35     Whether a defendant was prejudiced by his attorney's advice to plead guilty "depends in large part on predicting whether he likely would have been successful at trial." *People v. Hatter*, 2021 IL 125981, ¶ 30 (citing *People v. Hall*, 217 Ill. 2d 324, 336 (2005)). Defendant presents no evidence showing that his attorney and the State incorrectly assessed the image as being a "lewd exhibition." Further, his attorney's description of the image alone, a "young girl wearing a g-string bikini and turned in such a way as to show one buttock," meets at least two of the factors courts have used in determining whether an image constitutes child pornography. *People v. Lamborn*, 185 Ill. 2d 585, 592 (1999) (listing factors including "whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child," and "whether the child is fully or partially clothed, or nude").

¶ 36     Defendant's attorney also advised him that he had already confessed to the arresting officers, though defendant implies that he did not know what crime he was confessing to. In short, defendant makes no showing that his attorney's recommendation to plead guilty was objectively unreasonable or that a trial was likely to result in an acquittal, establishing prejudice.

¶ 37     Defendant does not make an arguable claim that his counsel's performance fell below an objective standard of reasonableness, or that any alleged errors by his counsel prejudiced him. He therefore does not raise an arguable claim of ineffective assistance of counsel. *Hodges*, 234 Ill. 2d at 17. Furthermore, such a claim would have been properly raised in a motion to withdraw guilty

11

plea, which defendant did not file. Therefore, we agree with OSAD that there is no basis to claim that the circuit court's ruling was in error.

¶ 38                    E. Summary Dismissal of Defendant's Petition

¶ 39    The circuit court may summarily dismiss a first-stage postconviction petition only within the first 90 days after the petitioner files the petition. 725 ILCS 5/122-2.1(a) (West 2022). The circuit court must make its determination without input from the State. *People v. Gaultney*, 174 Ill. 2d 410, 418 (1996). Defendant filed the petition at issue on October 30, 2023. The circuit court entered a written summary dismissal order on November 8, 2023, within the 90-day time period and without input from the State. As a result, the circuit court complied with the procedural requirements of the Act.

¶ 40    In conclusion, while defendant arguably may have had standing to bring his petition, the circuit court's dismissal was proper. See *People v. Jones*, 2015 IL App (1st) 133123, ¶ 33 ("[T]he appellate court may affirm the trial court on any basis that appears in the record."). As any argument to the contrary would lack merit, we grant OSAD leave to withdraw as counsel on appeal.

¶ 41                              CONCLUSION

¶ 42    As this appeal presents no issue of arguable merit, we grant OSAD leave to withdraw and affirm the circuit court's judgment.


¶ 43    Motion granted; judgment affirmed.