(No. 71699.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. THOMAS PAUL WEST, Appellant.

*Opinion filed December 19, 1991.*

G. Joseph Weller, Deputy Defender, and Thomas A. Lilien, Assistant Defender, of the Office of the State Appellate Defender, of Elgin, for appellant.

Roland Burris, Attorney General, of Springfield, and William E. Herzog, State's Attorney, of Kankakee (Kenneth R. Boyle, John X. Breslin and Gary F. Gnidovec, of the Office of the State's Attorneys Appellate Prosecutor, of Ottawa, of counsel), for the People.

JUSTICE HEIPLE delivered the opinion of the court:

Petitioner, Thomas Paul West, appeals the dismissal of his petition for relief pursuant to the Post-Conviction Hearing Act (Ill. Rev. Stat. 1989, ch. 38, par. 122—1 *et seq.*). The dismissal was grounded on the fact that post-conviction relief is unavailable where, as here, the underlying sentence has been fully served. The appellate court affirmed. (209 Ill. App. 3d 1019.) We agree.

West was convicted of voluntary manslaughter in 1981 and ultimately completed and served a four-year prison sentence on that conviction. Subsequently, in 1988, West was sentenced to death in Arizona for murder. An aggravating factor relied upon by the sentencing court in Arizona was West's Illinois conviction of voluntary manslaughter. West now attacks his Illinois conviction in order to undermine the sentencing procedure in Arizona. That is to say, if the Illinois conviction could be voided, he would then be able to argue that Arizona improperly considered the Illinois conviction in aggravation when it sentenced him to death for murder.

Section 122—1 provides in pertinent part as follows:

"*Any person imprisoned in the penitentiary* who asserts that in the proceedings which resulted in his conviction there was a substantial denial of his rights under the Constitution of the United States or of the State of Illi-

nois or both may institute a proceeding under this Article." (Emphasis added.) Ill. Rev. Stat. 1989, ch. 38, par. 122—1.

To invoke post-conviction relief, the statutory language requires that an individual be "imprisoned in the penitentiary." However, as has been determined by this court, actual incarceration is not a strict prerequisite. This language has been held to include defendants who have been released from incarceration after the timely filing of their petition (*People v. Davis* (1968), 39 Ill. 2d 325), released on appeal bond following conviction (*People v. Martin-Trigona* (1986), 111 Ill. 2d 295), released under mandatory supervision (*People v. Correa* (1985), 108 Ill. 2d 541), and sentenced to probation (*People v. Montes* (1980), 90 Ill. App. 3d 355).

The record shows that West served his sentence for the voluntary manslaughter conviction and the mandatory supervised release period. Thus, in January 1990, when defendant first filed for post-conviction relief, defendant was not "imprisoned in the penitentiary" as required by section 122—1, nor did he fit within the judicially defined scope of the term imprisonment as set out above. Defendant's present incarceration in Arizona for first degree murder is not imprisonment within the meaning of the language in the Illinois Post-Conviction Hearing Act. The person must be in prison for the offense he is purporting to challenge.

Accordingly, we affirm the lower courts' decisions in dismissing West's post-conviction petition.

*Affirmed.*