NOTICE
This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2019 IL App (4th) 170589-U

NO. 4-17-0589

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
November 19, 2019
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Champaign County |
| PHILLIP N. JONES, SR., | ) | No. 97CF266 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Jeffrey B. Ford, |
| | ) | Judge Presiding. |

_____

JUSTICE HARRIS delivered the judgment of the court.
Justices Knecht and Cavanagh concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Defendant's appeal presents no meritorious issues for review. We grant OSAD's motion to withdraw and affirm the trial court's judgment.

¶ 2    Defendant, Phillip N. Jones Sr., appeals the trial court's denial of his motion for leave to file a successive postconviction petition. The Office of the State Appellate Defender (OSAD) was appointed to represent him. OSAD has filed a motion to withdraw as appellate counsel "[c]onsistent with *Pennsylvania v. Finley*, 481 U.S. 551 (1987), and pursuant to Illinois law" on the ground that no colorable argument can be made that the trial court erred in denying defendant's motion. Specifically, OSAD contends that any claim defendant had standing to institute postconviction proceedings is without arguable merit. We grant OSAD's motion to withdraw and affirm the trial court's judgment.

¶ 3                                    I. BACKGROUND

¶ 4            In February 1997, the State charged defendant with four counts of criminal sexual assault (720 ILCS 5/12-13(a)(1) (West 1996)) (counts I through IV). On September 10, 1997, defendant pleaded guilty to count I in exchange for the State's agreement to cap its sentencing recommendation at six years' imprisonment and to dismiss counts II through IV. The trial court accepted defendant's guilty plea and sentenced him to six years' imprisonment, to be served at 85% and followed by a three-year term of mandatory supervised release (MSR). Defendant received 195 days of presentence credit, and the trial court stayed his sentence until September 24, 1997. Defendant did not file a direct appeal.

¶ 5            In February 2000, defendant *pro se* filed a postconviction petition. The trial court summarily dismissed defendant's petition. Defendant did not appeal the summary dismissal of his postconviction petition.

¶ 6            On June 26, 2017, defendant filed a motion for leave to file a successive postconviction petition. In his proposed successive postconviction petition, defendant alleged actual innocence based on newly discovered evidence. (The record shows that the alleged newly discovered evidence that defendant relies on—a DNA report—was filed by the State two weeks before he pleaded guilty.) The trial court denied defendant's motion, concluding he (1) failed to satisfy the "cause-and-prejudice" test and (2) lacked standing to file a successive postconviction petition because he was sentenced to six years' imprisonment in 1997 and "this sentence should have been completed" by 2017. Defendant appealed.

¶ 7            OSAD was appointed to represent defendant on appeal, but subsequently filed this motion for leave to withdraw. We granted defendant leave to file a response to OSAD's motion on or before April 15, 2019. On April 22, defendant sent a letter to the "judges" asking that they

"look at the DNA evidence" and alleging he "was set-up by the alleged victim." The State filed a responsive brief arguing defendant lacks standing to pursue postconviction relief and he failed to satisfy the "cause-and-prejudice" test. Defendant filed a reply alleging he was incarcerated in Minnesota when he filed his motion for leave to file a successive postconviction petition.

¶ 8                                    II. ANALYSIS

¶ 9        OSAD contends it can raise no colorable argument on appeal that the trial court erred in denying defendant's motion for leave to file a successive postconviction petition. OSAD asserts defendant lacked standing to institute postconviction proceedings. We review *de novo* the trial court's denial of a motion for leave to file a successive postconviction petition. *People v. Merriweather*, 2017 IL App (4th) 150407, ¶ 25, 80 N.E.3d 127.

¶ 10        Section 122-1(a) of the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 to 122-7 (West 2016)) provides that "[a]ny person *imprisoned in the penitentiary* may institute a proceeding under this Article ***." (Emphasis added.) 725 ILCS 5/122-1(a) (West 2016). Our supreme court has held that this language means "only those whose liberty [i]s actually restrained" have standing to pursue postconviction relief. *People v. Carrera*, 239 Ill. 2d 241, 245-46, 940 N.E.2d 1111, 1114 (2010) (citing *People v. Dale*, 406 Ill. 238, 246, 92 N.E.2d 761, 766 (1950), *overruled in part on other grounds by People v. Warr*, 54 Ill. 2d 487, 298 N.E.2d 164 (1973)). Actual incarceration is not a strict prerequisite to standing (see, *e.g.*, *People v. Correa*, 108 Ill. 2d 541, 547, 485 N.E.2d 307, 309 (1985) (holding that defendants on MSR have standing to institute postconviction proceedings)), nor does it necessarily confer standing (see *People v. West*, 145 Ill. 2d 517, 519, 584 N.E.2d 124, 125 (1991) (holding that the defendant imprisoned in a different State lacked standing because he had fully served his Illinois sentence and the Act required that he be imprisoned for the offense he was purporting to challenge)).

¶ 11         Here, defendant lacked standing to institute postconviction proceedings. On September 10, 1997, the trial court sentenced defendant to six years' imprisonment, to be served at 85% and followed by a three-year term of MSR. Even if we were to assume defendant served 100% of his six-year sentence and excluded his presentence custody credit, defendant would have fully served his sentence long before he instituted the instant postconviction proceedings (*i.e.*, in 2017). Because defendant filed his motion for leave to file successive postconviction well after any constraints on his liberty due to his criminal sexual assault conviction had expired, he was not a person "imprisoned in the penitentiary," as required by the Act. The fact that he may currently be serving an unrelated term of imprisonment in Minnesota does not change this fact. See *West*, 145 Ill. 2d at 519 ("The person must be in prison for the offense he is purporting to challenge."). Accordingly, defendant lacked standing to request postconviction relief and no colorable argument can be made that the trial court erred in summarily denying his motion for leave to file a successive postconviction petition.

¶ 12                          III. CONCLUSION

¶ 13         For the reasons stated, we grant OSAD's motion to withdraw as counsel and affirm the trial court's judgment.

¶ 14         Affirmed.