NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2021 IL App (4th) 190285-U

NO. 4-19-0285

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
May 20, 2021
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Champaign County |
| ROBERT J. KWIATKOWSKI, | ) | No. 88CF824 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Roger B. Webber, |
| | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court.
Justices Turner and Cavanagh concurred in the judgment.

**ORDER**

¶ 1    *Held*: The trial court did not err in summarily dismissing defendant's postconviction petition because standing is a proper basis for dismissal at the first stage of postconviction proceedings.

¶ 2    In August 1988, defendant, Robert J. Kwiatkowski, pleaded guilty to aggravated criminal sexual abuse (Ill. Rev. Stat. 1987, ch. 38, § 12-16(d)) and was sentenced to 24 months' probation. On August 13, 1990, the trial court entered an order discharging and releasing defendant from probation. In March 2019, defendant filed a petition under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2018)), which the court summarily dismissed, finding defendant lacked standing to institute proceedings under the Act. Defendant appeals, arguing the court erred in summarily dismissing his petition because standing is not a proper basis for dismissal

at the first stage of postconviction proceedings. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4        On June 10, 1988, the State charged defendant with battery (Ill. Rev. Stat. 1987, ch. 38, § 12-3), criminal trespass to a residence (Ill. Rev. Stat. 1987, ch. 38, § 19-4), and aggravated criminal sexual abuse (Ill. Rev. Stat. 1987, ch. 38, § 12-16(d)) in Champaign County case No. 88-CF-824. In August 1988, defendant pleaded guilty to aggravated criminal sexual abuse (Ill. Rev. Stat. 1987, ch. 38, § 12-16(d)) and was sentenced to 24 months' probation, to pay court costs, and to serve a period of 51 days in jail, with credit for 51 days already served. On August 13, 1990, the trial court entered an order discharging and releasing defendant from probation.

¶ 5        According to the record before us, the only docket entry made in case No. 88-CF-824 between August 13, 1990, and 2019 was on November 27, 2006, which entry states the records of defendant's 1988 conviction were microfilmed on that date.

¶ 6        In January 2019, defendant *pro se* filed a motion to withdraw his guilty plea and vacate his sentence, which the trial court denied.

¶ 7        In February 2019, defendant filed a motion for the appointment of counsel in case No. 88-CF-824 and case No. 17-CF-961 (this is the only reference to this case number contained in the record). Relevant to this appeal, in his motion, defendant alleged: "I have been incarcerated continuously since Oct[ober] 5[ ], 2017[,] and am presently held in custody and residing at the Dixon Correctional Center ***." The trial court denied defendant's motion.

¶ 8        On March 1, 2019, defendant *pro se* filed a petition for postconviction relief under the Act in case No. 88-CF-824. In his petition, defendant first recounted that, following his conviction, he "served 24 months['] probation, paid court costs, and received 51 days['] credit for time served." Defendant then claimed the trial court improperly sentenced him "under

misdemeanor law," the State failed to prove each element of the charged offense, he "did not understand the waiver of rights read to him in his pretrial" as a result of his "diminished comprehension and affliction of mental illness," and he received ineffective assistance of counsel. In support of the claims raised in his petition, defendant filed several psychiatric progress notes. One progress note, dated December 3, 2018, stated, *inter alia*: "54 yrs old on charge of Disorderly Conduct, Inc: 7/16/17, Out date: 1/17/19[.]" The postconviction petition included an affidavit in which defendant averred he was "a prisoner incarcerated at the Dixon Correctional Center" and that "[a]ll of the facts presented in [the] [p]etition [were] true and accurate to the best of [his] recollection."

¶ 9        In April 2019, the trial court summarily dismissed defendant's petition for postconviction relief as frivolous and patently without merit. In the order, the court found as follows:

> "The [p]etitioner completed his sentence and was discharged on August 13, 1990, nearly thirty years ago. His liberty is no longer constrained by virtue of this conviction. Accordingly, he lacks standing to challenge this conviction pursuant to the [Act]."

¶ 10        This appeal followed.

¶ 11                              II. ANALYSIS

¶ 12        On appeal, defendant argues the trial court erred in summarily dismissing his postconviction petition because standing is not a proper basis for dismissal at the first stage of postconviction proceedings. We review defendant's claim *de novo*. See *People v. Tate*, 2012 IL 112214, ¶ 10, 980 N.E.2d 1100 ("The summary dismissal of a postconviction petition is reviewed *de novo*.").

¶ 13    Section 122-1(a) of the Act provides, in pertinent part:

"Any person imprisoned in the penitentiary may institute a proceeding under [the Act] if the person asserts that:

(1) in the proceedings which resulted in his or her conviction there was a substantial denial of his or her rights under the Constitution of the United States or of the State of Illinois or both[.]" 725 ILCS 5/122-1(a) (West 2018).

Pursuant to section 122-1(a), a defendant has standing under the Act only if he was "imprisoned in the penitentiary" when he instituted the postconviction proceedings. See *People v. Coe*, 2018 IL App (4th) 170359, ¶ 43, 118 N.E.3d 1256. A petitioner loses standing to institute proceedings under the Act if he is not a "person imprisoned in the penitentiary" because he fully discharged his sentence for the conviction he seeks to challenge. *People v. Carrera*, 239 Ill. 2d 241, 253, 940 N.E.2d 1111, 1118 (2010); see *People v. West*, 145 Ill. 2d 517, 519, 584 N.E.2d 124, 125 (1991) (to be eligible for relief under the Act, a petitioner must be imprisoned "for the offense he is purporting to challenge"). However, section 122-1(a) does not require "actual incarceration as a strict prerequisite to instituting a proceeding under the Act." *Carrera*, 239 Ill. 2d at 246. Rather, the phrase "imprisoned in the penitentiary" includes "petitioners whose liberty, in some way or another, was curtailed to a degree by the [S]tate." *Id.* Thus, a person who was sentenced to probation may file a petition for relief under the Act. *Id.*

¶ 14    A defendant commences a proceeding under the Act by filing a petition with the clerk of the court in which the conviction took place. 725 ILCS 5/122-1(b) (West 2018). Once a postconviction petition is filed, it undergoes a three-stage adjudicatory process, as set forth in the Act. *People v. Knapp*, 2020 IL 124992, ¶ 43. At the first stage, the trial court "independently

reviews the petition, taking the allegations as true, and determines if it is frivolous or patently without merit." *People v. Grant*, 2015 IL App (4th) 140971, ¶ 17, 33 N.E.3d 871. To that end, section 122-2.1(a)(2) of the Act provides: "If the petitioner is sentenced to imprisonment and the court determines the petition is frivolous or is patently without merit, it shall dismiss the petition in a written order, specifying the findings of fact and conclusions of law it made in reaching its decision." 725 ILCS 5/122-2.1(a)(2) (West 2018). A petition is frivolous or patently without merit "only if the petition has no arguable basis either in law or in fact." *People v. Hodges*, 234 Ill. 2d 1, 11-12, 912 N.E.2d 1204, 1209 (2009). During first-stage review, the court is "foreclosed from engaging in any fact-finding or any review of matters beyond the allegations of the petition" ((internal quotation marks omitted) *People v. Fathauer*, 2019 IL App (4th) 180241, ¶ 56, 146 N.E.3d 175), although it may consider "the court file of the proceeding in which the petitioner was convicted, any action taken by an appellate court in such proceeding and any transcripts of such proceeding [(725 ILCS 5/122-2.1(c) (West 2018))]."

¶ 15        If the trial court does not dismiss the defendant's petition during the first stage of postconviction proceedings, the petition advances to the second stage, where counsel may be appointed for the defendant and where the State enters the litigation and may file a motion to dismiss the petition. *Tate*, 2012 IL 112214, ¶ 10 (citing 725 ILCS 5/122-4 to 122-6 (West 2008)). At this stage, the court must determine whether "the petition and any accompanying documentation make a substantial showing of a constitutional violation." (Internal quotation marks omitted.) *Id.* If such a showing is made, the petition is advanced to the third stage of proceedings where the court conducts an evidentiary hearing. *People v. Edwards*, 197 Ill. 2d 239, 246, 757 N.E.2d 442, 446 (2001).

¶ 16        In the present case, defendant acknowledges he was not imprisoned in the

penitentiary when he filed his postconviction petition. Accordingly, defendant does not contest the trial court's finding that he lacked standing under the Act. Instead, defendant only argues the court erred in dismissing his petition at the first stage of postconviction proceedings because lack of standing is not a proper ground for first-stage dismissal. In support, defendant relies upon *People v. Boclair*, 202 Ill. 2d 89, 789 N.E.2d 734 (2002), *People v. Blair*, 215 Ill. 2d 427, 831 N.E.2d 604 (2005), and *People v. Hommerson*, 2014 IL 115638, 4 N.E.3d 58. In response, the State cites *People v. Johnson*, 2019 IL App (1st) 163169, ¶ 12, 161 N.E.3d 258, in which the First District held that, if a defendant lacks standing to assert a claim under the Act, first-stage dismissal of his petition is appropriate. The defendant in *Johnson* appealed the First District's decision, and our supreme court granted *certiorari*. After both parties here submitted their briefs, the supreme court issued an opinion affirming the First District and holding that where a defendant lacks standing under the Act to file a postconviction petition, the trial court may summarily dismiss the petition as frivolous or patently without merit. *People v. Johnson*, 2021 IL 125738, ¶ 50 (*Johnson II*).

¶ 17            In *Johnson II*, the defendant entered a guilty plea in 2007 and, the same year, was sentenced to two years' imprisonment. *Id.* ¶¶ 7, 10. In 2016, the defendant filed a late postconviction petition challenging his 2007 guilty plea. *Id.* ¶ 12. In the defendant's petition, he alleged that he was incarcerated at the time the petition was filed and had been incarcerated for approximately one year. *Id.* The trial court summarily dismissed the defendant's petition for lack of standing, finding: "[c]onsidering [the defendant's] sentence and his arraignment date of September 4, 2007, it appears he completed both his term of imprisonment and [MSR] at least prior to 2011, whether or not he received day-for-day good conduct credit." *Id.* ¶ 14. The court referenced the website for the Illinois Department of Corrections (DOC) and confirmed that the defendant had completed his 2007 sentence and additionally discovered that at the time the

defendant filed his petition, he was imprisoned for an offense that was not related to his 2007 conviction. *Id.* ¶ 15. Defendant appealed, and the First District affirmed, holding that if a defendant lacks standing under the Act, first-stage dismissal is appropriate. *Johnson*, 2019 IL App (1st) 163169, ¶ 12.

¶ 18        On review, our supreme court agreed with the First District and affirmed the trial court's summary dismissal of the defendant's petition. The court noted that section 122-2.1(a)(2) of the Act authorizing a trial judge to summarily dismiss a postconviction petition "refers explicitly to imprisonment, the absence of which deprives a person of standing under the Act." *Johnson*, 2021 IL 125738, ¶ 44; see 725 ILCS 5/122-2.1(a)(2) (West 2018) ("If the petitioner is sentenced to imprisonment and the court determines the petition is frivolous or is patently without merit, it shall dismiss the petition ***."). Therefore, the court held, "where a defendant lacks standing under the Act because he is not imprisoned in the penitentiary [citation], a claim brought under the Act is necessarily frivolous or patently without merit [citation]." (Internal quotation marks omitted.) *Id.* ¶ 50.

¶ 19        The *Johnson II* court also rejected the defendant's argument that, in summarily dismissing his postconviction petition, the trial court engaged in improper factfinding because standing cannot be determined by reviewing the petition or the specific records that, pursuant to section 122-2.1(c) of the Act, may be considered during the first stage of proceedings. *Johnson*, 2021 IL 125738, ¶ 52. The supreme court noted the trial court had ascertained from the court file alone that, at the latest, defendant would have completed his sentence five years before he filed his postconviction petition. *Id.* ¶ 53. Although the supreme court acknowledged there are circumstances where a defendant could be under sentence for an offense after the projected date of discharge, the court found the trial court had "ruled out that possibility" by referencing the

DOC's website to confirm the defendant had fully discharged his 2007 sentence prior to filing the petition. *Id.* The court approved the trial court's use of the DOC website, noting that although the Act does not authorize factfinding as part of the initial examination of the petition, Illinois courts often take judicial notice of the DOC's website as a "source[ ] of indisputable accuracy." *Id.* ¶ 54. The court concluded:

"When it is easy to ascertain that a postconviction petitioner lacks standing under the Act, there is no need to advance the petition to the second stage simply so the State may advocate dismissal based on information already available to the court. To hold otherwise, we would be forcing courts to waste judicial resources by merely delaying the dismissal of a petition which the judge knows could never bear fruit for the petitioner." (Internal quotation marks omitted.) *Id.* ¶ 58.

¶ 20 In the present case, defendant clearly lacked standing to institute postconviction proceedings under the Act. As indicated above, the record demonstrates defendant completed his sentence in case No. 88-CF-824 in August 1990, nearly 30 years before he filed his postconviction petition. The record also demonstrates that when defendant filed his postconviction petition in 2019, he was incarcerated on an unrelated charge of disorderly conduct. Although the trial court did not refer to the DOC website to determine whether defendant was still under sentence for his 1988 conviction at the time he filed his petition, because defendant's incarceration in 2017 occurred more than 25 years after he completed his 2-year sentence of probation in case No. 88-CF-824, the two periods of imprisonment are undoubtedly distinct. In fact, defendant acknowledges in his brief that he "completed his sentence of probation in this case in August 1990." Because, at the time he filed his postconviction petition, defendant was not imprisoned as a result of his conviction in case No. 88-CF-824, defendant lacked standing under the Act to file a

petition challenging that conviction. Therefore, pursuant to *Johnson II*, the trial court did not err

in summarily dismissing defendant's postconviction petition on that basis.

¶ 21                                    III. CONCLUSION

¶ 22            For the reasons stated, we affirm the trial court's judgment.

¶ 23            Affirmed.