NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2021 IL App (4th) 190618-U

NO. 4-19-0618

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
October 1, 2021
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | McLean County |
| WILLIAM VALTIERRA, | ) | No. 15CF1137 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | John Casey Costigan, |
| | ) | Judge Presiding. |

PRESIDING JUSTICE KNECHT delivered the judgment of the court.
Justices DeArmond and Steigmann concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The appellate court affirmed, concluding the trial court's dismissal of defendant's postconviction petition was proper.

¶ 2        Defendant, William Valtierra, appeals from the McLean County circuit court's judgment dismissing his postconviction petition at the first stage of proceedings. Defendant argues the court erroneously dismissed his petition because he stated the gist of a constitutional claim his trial counsel was ineffective for informing defendant that the state's attorney would bar his medical records if he chose a jury trial and, but for this error, he would not have waived his right to a jury trial. We disagree and affirm the trial court's judgment.

¶ 3                                I. BACKGROUND

¶ 4        The facts are set forth in detail in our decision on direct appeal. See *People v. Valtierra*, 2019 IL App (4th) 170092-U, ¶¶ 5-60. We set forth here only those facts necessary to address the issues presented in this appeal.

¶ 5                              A. Bench Trial and Sentence

¶ 6        In September 2015, the State charged defendant by indictment with aggravated driving under the influence (DUI), a Class 2 felony (625 ILCS 5/11-501(a)(2), (d)(1)(A), (d)(2)(B) (West 2014)). The State alleged defendant, on or about April 25, 2015, drove or was in actual physical control of a motor vehicle while under the influence of alcohol and had previously been convicted of DUI offenses in 1984 and 2011.

¶ 7        Prior to trial, defendant filed several documents with the court regarding his medical conditions, including (1) an answer to discovery that included medical records about his lumbar spine and knee injuries and (2) a motion *in limine* to admit medical evidence of an injury to his spine and elbow. Additionally, the State filed a motion *in limine* to bar certain medical evidence, specifically (1) evidence of an alleged injury to defendant caused by the arresting officer in this case and (2) "any extensive medical testimony from the [d]efendant *** not relevant to the issues at trial."

¶ 8        At a May 2016 hearing, defendant signed a jury waiver form, and the following colloquy ensued:

> "BY THE COURT:
>
> Q. [Defendant], I'm going to show you a document that appears to have your signature on it. That is your signature; is that right?
>
> A. Yes.

Q. You understand this document to be a formal waiver of jury, but maintaining your plea of not guilty in this case; is that right?

A. Yes.

Q. And you understand that in this case you are entitled to a jury trial where a jury would be composed of 12 citizens that would be selected by you, your attorney, and the State's Attorney. They would be seated in the jury box. They would listen to the evidence, and they would determine whether the State has proven you guilty beyond a reasonable doubt. The decision on your guilt must be unanimous, and you understand by signing this document and me accepting it here today, that you're waiving your right to that jury trial?

A. Yes.

Q. You also understand that, once I accept this document as a knowing and voluntary waiver of your right to jury, that you can't come back and say that you've now changed your mind and you wish to have a jury trial. So once it's accepted, it's accepted for good. You understand that; is that right?

A. Yes.

Q. Has anybody forced you to sign this document today?

A. No.

Q. You're asking me to go ahead and waive your right to a jury in this case and set your matter for a bench trial; am I correct on that?

A. Yes.

Q. The Court will find a knowing and voluntary waiver of right to jury. The case will be set for a bench trial."

¶ 9    In June 2016, defendant's case proceeded to a bench trial. The court did not make a ruling on the State's motion *in limine* regarding the exclusion of certain medical records prior to the beginning of trial. However, during defendant's testimony at trial, the trial court allowed him to testify regarding his disability due to injuries to his back, spine, and knee.

¶ 10    In September 2016, the court entered a written order finding defendant guilty of aggravated DUI. In October 2016, defendant filed a motion to reconsider, which the trial court denied.

¶ 11    In December 2016, the court sentenced defendant to 30 months' probation, 20 days' incarceration in the McLean County jail (which was stayed), and 480 hours of community service. Defendant was projected to complete his probation on June 1, 2019. In February 2017, this court allowed defendant to file a late notice of appeal.

¶ 12                    B. Remission Hearing and Direct Appeal

¶ 13    In February 2019, while defendant's direct appeal was pending, the trial court held a remission hearing to assess defendant's compliance with probation. Defendant's counsel informed the court defendant had completed all terms of his probation except for the community service. Defendant asserted he was unable to complete community service due to his medical conditions and presented evidence consisting of (1) a letter from the Railroad Retirement Board stating defendant was totally and permanently disabled for all work as of October 8, 2014, (2) a letter from his physician stating he was under care for a spinal condition, and (3) a letter from another physician stating defendant was scheduled for a revision lumbar surgery and that defendant had limited standing and walking tolerance.

- 4 -

¶ 14    Following arguments, the court (1) vacated defendant's obligation to perform community service and (2) entered a written order requiring defendant serve 20 days in the McLean County jail.

¶ 15    On March 1, 2019, defendant filed a motion to delay his confinement from April 15, 2019, to September 15, 2019, citing his medical condition that required a spinal surgery scheduled for March 20, 2019. Defendant also had another spinal surgery scheduled for May 2, 2019. Following a hearing on March 8, 2019, the court entered an order rescheduling defendant's confinement to commence September 15, 2019.

¶ 16    On March 22, 2019, this court affirmed defendant's conviction and sentence for aggravated DUI. *People v. Valtierra*, 2019 IL App (4th) 170092-U, ¶ 1.

¶ 17                      C. Postconviction Proceedings

¶ 18    On June 1, 2019, defendant, represented by a new attorney, submitted for filing a postconviction petition, arguing his trial counsel was ineffective. Because June 1, 2019, was a Saturday, the petition was not filed until June 3, 2019. In the petition, defendant argued his trial counsel erroneously informed him that his medical records—which were apparently essential to his defense—would be barred if he proceeded to a jury trial and, but for this erroneous information, defendant would not have waived a jury trial. Specifically, defendant alleged his trial attorney told him, "State's Attorney Scarborough is motioning to bar all your medical records if you go to jury trial, and you won't have a leg to stand on so you better go bench."

¶ 19    In August 2019, the trial court entered a written order dismissing defendant's petition as frivolous and patently without merit. The court concluded defendant failed to state the gist of a constitutional claim of ineffective assistance of counsel because "[t]he trial court considered [defendant]'s medical condition but still found the evidence sufficient to prove

- 5 -

[defendant] guilty beyond a reasonable doubt," and "[defendant], not counsel, waived his right to a jury trial."

¶ 20    This appeal followed.

¶ 21                              II. ANALYSIS

¶ 22    On appeal, defendant argues the trial court erred when it dismissed his postconviction petition because he stated the gist of a constitutional claim of ineffective assistance of counsel. The State argues the court properly dismissed the petition because (1) defendant lacked standing to file the petition where he had already served his sentence or, alternatively, (2) his claim of ineffective assistance was frivolous and patently without merit. We agree with the State's latter argument and affirm the trial court's judgment.

¶ 23                    A. Postconviction Proceedings Generally

¶ 24    The Post-Conviction Hearing Act (Postconviction Act) allows a petitioner to collaterally attack his or her conviction on constitutional grounds while "imprisoned in the penitentiary." 725 ILCS 5/122-1(a) (West 2016). A petitioner loses standing to initiate proceedings under the Postconviction Act if he is not a "person imprisoned in the penitentiary" because he fully discharged his sentence for the conviction he seeks to challenge. (Internal quotation marks omitted.) *People v. Carrera*, 239 Ill. 2d 241, 253, 940 N.E.2d 1111, 1118 (2010); see *People v. West*, 145 Ill. 2d 517, 519, 584 N.E.2d 124, 125 (1991) (stating to be eligible for relief under the Postconviction Act, the petitioner must be imprisoned "for the offense he is purporting to challenge"). However, section 122-1(a) does not require "actual incarceration as a strict prerequisite to instituting a proceeding under the Act." *Carrera*, 239 Ill. 2d at 246. Rather, the phrase "imprisoned in the penitentiary" includes "petitioners whose liberty, in some way or another, was curtailed to a degree by the [S]tate." *Id.* "[A] defendant

- 6 -

retains standing under the [Postconviction] Act so long as he is challenging a conviction for which he continues to serve some form of sentence so that his liberty would be directly affected by invalidating his conviction." *People v. Henderson*, 2011 IL App (1st) 090923, ¶ 11, 961 N.E.2d 407.

¶ 25    The Postconviction Act creates a three-stage process for adjudicating a postconviction petition. *People v. Crenshaw*, 2015 IL App (4th) 131035, ¶ 24, 38 N.E.3d 1256. At the first stage, the trial court must review the petition within 90 days after the filing and docketing of the petition to determine whether "the petition is frivolous or is patently without merit." 725 ILCS 5/122-2.1(a)(2) (West 2016). We review the trial court's dismissal of a defendant's petition at the first stage of proceedings *de novo*. *People v. Tate*, 2012 IL 112214, ¶ 10, 980 N.E.2d 1100.

¶ 26    B. This Case

¶ 27    1. *Standing*

¶ 28    We first address the State's claim defendant lacked standing to file a postconviction petition because (1) he had completed his probation at the time he filed his petition and (2) his future obligation to serve 20 days in the county jail did not render him "imprisoned in the penitentiary" for purposes of the Postconviction Act. We disagree.

¶ 29    Here, even assuming *arguendo* the State is correct defendant had completed his probation at the time he filed his postconviction petition—which defendant disputes—defendant retained standing to challenge his DUI conviction because he had not yet completed a component of his sentence, *i.e.*, 20 days' incarceration in the county jail. We reject the State's contention that because defendant was only subject to the 20 days of confinement because of his own "failure" to complete community service, he lacked standing to collaterally attack his conviction.

The record showed defendant was physically unable to complete the statutorily mandated community service hours due to his total and permanent disability. At the time defendant filed his petition, his liberty "would [have been] directly affected by invalidating his conviction." *Henderson*, 2011 IL App (1st) 090923, ¶ 11. Specifically, had the trial court invalidated defendant's conviction, he would no longer be obligated to serve 20 days in the McLean County jail. This would constitute a direct effect on defendant's liberty and was therefore sufficient to confer standing on defendant to file a postconviction petition.

¶ 30                                2. *Ineffective Assistance of Counsel*

¶ 31        We next address defendant's argument the trial court erred when it dismissed his petition because he stated the gist of a constitutional claim his trial counsel was ineffective for erroneously informing him the state's attorney would bar his medical records—which were allegedly essential to his defense—if he chose a jury trial and, but for this error, he would not have waived his right to a jury trial. Defendant argues his trial counsel's advice insinuated that counsel had entered into an impermissible "*quid pro quo*" arrangement with the State regarding the admission of that evidence. The State responds dismissal was proper because defendant failed to demonstrate (1) his trial counsel's conduct fell below an objective standard of reasonableness and (2) he was prejudiced by trial counsel's alleged errors. We agree with the State.

¶ 32        Claims of ineffective assistance of counsel are governed by the familiar standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). "To prevail on a claim of ineffective assistance under *Strickland*, a defendant must show *both* that counsel's performance 'fell below an objective standard of reasonableness' and that the deficient performance prejudiced the defense." (Emphasis added.) *People v. Hodges*, 234 Ill. 2d 1, 17, 912 N.E.2d 1204, 1212 (2009)

(quoting *Strickland*, 466 U.S. at 687-88). "Errors in judgment or trial strategy do not establish incompetence." *People v. Elliott*, 299 Ill. App. 3d 766, 774, 702 N.E.2d 643, 648 (1998). At the first stage of postconviction proceedings, "a petition alleging ineffective assistance may not be summarily dismissed if (i) it is arguable that counsel's performance fell below an objective standard of reasonableness and (ii) it is arguable that the defendant was prejudiced." *Hodges*, 234 Ill. 2d at 17.

¶ 33 A defendant's right to a jury at trial is guaranteed by the United States and Illinois constitutions. U.S. Const., amends. VI, XIV; Ill. Const. 1970, art. 1, §§ 8, 13. A defendant may waive his right to a jury trial so long as it is knowing, intelligent, and voluntary. *People v. Todd*, 178 Ill. 2d 297, 312, 687 N.E.2d 998, 1004 (1997). Additionally, "[i]t is the defendant's prerogative to decide whether or not to exercise this right of waiver," and the decision "belongs to the defendant and not to his counsel." See *People v. McCarter*, 385 Ill. App. 3d 919, 942-43, 897 N.E.2d 265, 286 (2008). "[I]f a defendant is present when the court and defense counsel discuss a jury trial waiver and the defendant does not object to the waiver, the defendant is deemed to have acquiesced in the waiver." *People v. Smith*, 326 Ill. App. 3d 831, 848, 761 N.E.2d 306, 322 (2001). However, even where a jury waiver has been entered on the record, this court can review the waiver to see if the record shows that waiver was made expressly and understandingly. *Id.* While the trial court admonitions on the record are to be considered, such admonitions "are not sufficient in every circumstance to negate the effect of erroneous advice from defense counsel." *People v. Hall*, 217 Ill. 2d 324, 337, 841 N.E.2d 913, 921 (2005).

¶ 34 Defendant argues this case is akin to *Smith*, 326 Ill. App. 3d at 848-49. In *Smith*, the defendant alleged in his postconviction petition that his attorney told him he should take a bench trial because the judge "owed him a favor" and would have access to information that was

not available to the jury. *Id.* at 848. The *Smith* court held that the defendant's signed jury waiver and the trial court's admonitions when securing the defendant's oral jury waiver did not rebut the defendant's claim that his counsel pressured him, by way of professionally unreasonable conduct, to waive his right to a jury trial. *Id.* The First District concluded the defendant's petition was not frivolous or patently without merit and should advance to the second stage of postconviction proceedings. *Id.* at 847-49.

¶ 35   We conclude this case is distinguishable from *Smith* and defendant has not established it is arguable his counsel's performance was objectively unreasonable. We find no support for defendant's contention that defendant's trial counsel's advice to defendant involved any sort of "*quid pro quo*" arrangement with the State or the court, as was the case in *Smith*. Unlike the attorney in *Smith*, who promised a favorable outcome for the defendant because the judge "owed him a favor," defense counsel in this case did not promise defendant any such outcome and did not base his advice on an obvious mistake of law. Rather, trial counsel's alleged statement—which we take as true—merely advised defendant of counsel's opinion it would be more difficult to pursue their chosen trial strategy if they proceeded to a jury trial. Generally, "advice on waiving a jury trial constitutes the type of trial strategy and tactics that cannot support a claim of ineffectiveness." *Elliott*, 299 Ill. App. 3d at 774. Even if trial counsel's appraisal of the State's intentions with respect to defendant's medical records was erroneous, "[e]rrors in judgment or trial strategy do not establish incompetence." *Id.*

¶ 36   Moreover, defendant did not allege at any point in the petition that his trial counsel had any agreement with the State regarding what motion the State would file based on whether defendant chose to proceed to a jury trial versus a bench trial and provides no supporting evidence for such a claim. The State had already filed the motion to bar certain medical evidence

prior to defendant waiving a jury and did not withdraw the motion prior to the bench trial. Additionally, defendant did not object to waiving a jury trial at any point in the proceedings and agreed he had not been coerced into making such a decision. There is nothing in the record showing defendant's jury waiver was not knowing and voluntary. Because defendant has failed to demonstrate it is arguable his counsel's performance was deficient, we need not address whether he was prejudiced. We conclude the trial court properly dismissed defendant's petition at the first stage of postconviction proceedings.

¶ 37                                   III. CONCLUSION

¶ 38        For the reasons stated, consistent with Illinois Supreme Court Rule 23(b) (eff. Jan. 1, 2021), we affirm the trial court's judgment.

¶ 39        Affirmed.