**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (3d) 210586-U

Order filed November 7, 2022

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the Tenth Judicial Circuit, Peoria County, Illinois. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-21-0586 Circuit No. 00-CF-1051 |
| | ) | |
| RANDALL BAKER, | ) ) | Honorable Katherine Gorman, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE PETERSON delivered the judgment of the court.
Presiding Justice O'Brien and Justice Hauptman concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:   The trial court properly denied defendant's postconviction petition based on lack of standing.

¶ 2    Defendant, Randall Baker, appeals from the Peoria County trial court's denial of his postconviction petition. He avers the trial court erred when it found he lacked standing to seek postconviction relief, that his postconviction petition was timely filed, his trial counsel was ineffective for misrepresenting the duration of his sex offender registration, and that lifetime sex offender registration requirements are unconstitutional as applied. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4                                    A. Guilty Plea

¶ 5          Defendant was charged by indictment with one count of aggravated criminal sexual abuse (720 ILCS 5/12-16(d) (West 2000)). On May 23, 2001, defendant, with his attorney, entered into a negotiated Alford plea to aggravated criminal sexual abuse (720 ILCS 5/12-16(d) (West 2000)) in exchange for the State's recommendation of a two-year probation sentence. The trial court advised defendant of the nature of the charge, the minimum and maximum penalties for a Class 2 felony, and the rights waived by pleading guilty.

¶ 6          The trial court found defendant was pleading guilty freely and voluntarily and accepted the plea. The trial court imposed a two-year probation sentence and admonished defendant of his right to a direct appeal. The sentencing order indicated that defendant must register as a sex offender. During the plea, neither the trial court nor attorneys mentioned how long defendant would be required to register as a sex offender under the Sex Offender Registration Act (SORA) (730 ILCS 150/1 *et seq*. (West 2000)). On June 22, 2005, defendant completed his probation sentence. Defendant did not file a direct appeal.

¶ 7                              B. Postconviction Proceedings

¶ 8          On May 23, 2019, defendant filed a postconviction petition asserting that his trial counsel was ineffective for advising him that his sex offender registration was for a period of 10 years rather than for natural life. Defendant later filed an amended petition for postconviction relief alleging that: (1) his trial counsel was ineffective when he advised his sex offender registration period was for 10 years, and (2) the statutory scheme of SORA and the Sex Offender Community Notification Law (SOCNL) are unduly harsh, disproportionate, and unconstitutional as applied to him.

¶ 9        On May 12, 2020, the State filed a motion to dismiss defendant's amended petition for lack of standing and untimeliness. The trial court reserved ruling on the standing issue, and the petition advanced to a third stage evidentiary hearing to develop defendant's claim that SORA was unconstitutional as applied to him.

¶ 10       Following a third-stage evidentiary hearing, the trial court denied defendant's postconviction petition and found that defendant did not have standing to seek postconviction relief based on *People v. Johnson*, 2021 IL 125738 and *People v. Stavenger*, 2015 IL App (2d) 140885. Defendant appeals. We note that because the trial court denied the defendant's petition based on lack of standing, it did not rule on the other issues raised by the defendant and we need not address those issues.

¶ 11                                    II. ANALYSIS

¶ 12       On appeal, defendant contends: (1) the trial court erred when it denied his postconviction petition for lack of standing, (2) his postconviction petition was timely filed, (3) his trial counsel was ineffective for misrepresenting that he was required to register as a sex offender for 10 years, and (4) lifetime sex offender registration requirements are unduly harsh, disproportionate, and unconstitutional as applied to him. Given that defendant completed his sentence, we find the trial court did not err when it determined that defendant lacks standing to seek postconviction relief. Consequently, we need not address the remainder of defendant's arguments on appeal.

¶ 13       The Postconviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2018)) provides a three-stage procedure "by which persons under criminal sentence in this state can assert that their convictions were the result of a substantial denial of their rights under the United States Constitution or the Illinois Constitution or both." *People v. Hodges*, 234 Ill. 2d 1, 9 (2009). If a petition is not summarily dismissed at the first stage, it advances to the second stage. 725 ILCS

5/122–2.1(a)(2) (West 2018). At the second stage, an indigent petitioner can obtain appointed counsel (725 ILCS 5/122–4 (West 2018)) and the State can move to dismiss or answer the petition (725 ILCS 5/122–5 (West 2018)). If defendant makes a substantial showing of a constitutional violation, the petition advances to a third-stage hearing. (725 ILCS 5/122–6 (West 2018)). At the third-stage hearing, a defendant has the burden of proving a substantial constitutional violation. *People v. Pendleton*, 223 Ill. 2d 458, 473 (2006).

¶ 14       The trial court's decision will not be reversed unless it is manifestly erroneous after a third-stage evidentiary hearing where fact-finding and credibility determinations are involved. *People v. English*, 2013 IL 112890, ¶ 23.

> "[I]f no such determinations are necessary at the third stage, *i.e.*, no new evidence is presented and the issues presented are pure questions of law, we will apply a *de novo* standard of review, unless the judge presiding over postconviction proceedings has some special expertise or familiarity with defendant's trial or sentencing and that familiarity has some bearing upon disposition of the postconviction petition." *Id.*

We review defendant's claim *de novo*.

¶ 15       A defendant's standing under the Act "depends on whether he fulfilled the statutory condition of being 'imprisoned in the penitentiary' when he instituted the postconviction proceedings." *People v. Johnson*, 2021 IL 125738, ¶ 32. "Thus, a petitioner loses standing to seek relief under the Act if he is no longer 'imprisoned in the penitentiary' because he has fully discharged his sentence for the challenged conviction." *Id.* ¶ 37. "[T]he Act does not require actual incarceration as a strict prerequisite to instituting a proceeding under the Act." *People v. Carrera*, 239 Ill. 2d 241, 246 (2010). "Imprisoned *** has been held to include petitioners whose liberty,

4

in some way or another, was curtailed to a degree by the state." *Id.* (citing *People v. Pack*, 224 Ill. 2d 144, 152 (2007).

¶ 16 Our supreme court recently held in *People v. Johnson*, 2021 IL 125738, ¶¶ 67, 69, that defendant's obligation to register for life under the Murderer and Violent Offender Against Youth Registration Act (730 ILCS 154/1 *et seq.* (West 2006)) "did not confer standing because it was a collateral consequence of his unlawful restraint conviction" and "[o]nly the direct consequences of a conviction confer standing under the Act." Moreover, the supreme court noted that the "appellate court has been equally clear that registration obligations arising under the Sex Offender Registration Act are collateral consequences that do not confer standing to challenge the underlying conviction under the Act." *Id.* ¶ 69.

¶ 17 Here, defendant entered into a negotiated plea to aggravated criminal sexual abuse and received a two-year probation sentence. Defendant's conviction for aggravated criminal sexual abuse required that he register as a sexual predator under SORA for life. 730 ILCS 150/7 (West 2000). Defendant completed his probation sentence on June 22, 2005, and is no longer "imprisoned in the penitentiary." 725 ILCS 5/122-1(a)(1) (West 2020); *People v. West*, 145 Ill. 2d 517, 519 (1991). "Imprisoned in the penitentiary" includes defendants "who have been *** sentenced to probation.". *Id.* Defendant filed his petition challenging his registration requirement 14 years after he had fully discharged his sentence for aggravated criminal sexual abuse. We note that in *Johnson* the defendant's registration requirement was not contained in his judgment order, whereas in this case, defendant's sentencing order stated he was required to register as a sex offender. However, *Johnson* supports the denial of defendant's postconviction petition as the Supreme Court has stated that registration requirements under SORA constitute a collateral consequence. Therefore, defendant lacked standing to file a petition seeking postconviction relief under the Act. *Johnson*,

5

2021 IL 125738, ¶¶ 65, 69. As defendant lacked standing, we need not consider the remainder of his arguments.

¶ 18                                    III. CONCLUSION

¶ 19        For the foregoing reasons, we affirm the judgment of the circuit court of Peoria County.

¶ 20        Affirmed.