NOTICE

Decision filed 07/01/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 240535-U

NO. 5-24-0535

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Williamson County. |
| | ) | |
| v. | ) | No. 11-CF-200 |
| | ) | |
| BRADLEY J. CORNILLE SR., | ) | Honorable |
| | ) | Stephen R. Green, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE SHOLAR delivered the judgment of the court.
Justices Moore and Boie concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The circuit court did not err by dismissing petitioner's *pro se* postconviction petition for lack of standing. At the time of filing his petition, petitioner had been discharged from the sentence of probation that he received for the underlying conviction, and he was no longer "imprisoned in the penitentiary" within the meaning of the Post-Conviction Hearing Act. Furthermore, if he could establish standing, his claim of actual innocence fails to present newly discovered evidence, and the court committed no procedural errors in the postconviction proceedings. As any arguments to the contrary would lack merit, we grant petitioner's appointed counsel on appeal leave to withdraw and affirm the circuit court's judgment.

¶ 2    Petitioner-appellant, Bradley Cornille Sr., pled guilty to theft and was placed on 24 months of probation. He appeals from the dismissal of his *pro se* postconviction petition. His appointed attorney in this appeal, the Office of the State Appellate Defender (OSAD), concluded that this appeal lacks substantial merit. On that basis, OSAD filed a motion to withdraw as counsel pursuant

1

to *Pennsylvania v. Finley*, 481 U.S. 551 (1987), along with a memorandum of law in support of that motion.

¶ 3    OSAD gave proper notice to the petitioner. This court gave him an opportunity to file a *pro se* brief, memorandum, or other document explaining why OSAD should not be allowed to withdraw as counsel, or why this appeal has merit, but the petitioner failed to do so. This court examined OSAD's *Finley* motion and the accompanying memorandum of law, as well as the entire record on appeal, and concludes that this appeal indeed lacks merit. Accordingly, OSAD is granted leave to withdraw as counsel, and the judgment of the circuit court is affirmed.

¶ 4                                   I. BACKGROUND

¶ 5    On May 5, 2011, the State charged Cornille with two counts of theft for stealing appliances from an apartment owned by the Williamson County Housing Authority. On May 18, 2011, Cornille entered into a fully negotiated guilty plea, in which he agreed to plead guilty to one count of theft. He was placed on 24 months of probation with standard terms and conditions.

¶ 6    Cornille entered his guilty plea at his first court appearance. Prior to discussing the terms of the plea, Cornille's public defender acknowledged before the court that the plea was being entered quickly, but stated that Cornille spoke with him and specifically requested a speedy resolution. Cornille did not object to counsel's characterization of his position, nor did he give any indication that he did not intend to plead guilty. The circuit court admonished Cornille pursuant to Illinois Supreme Court Rule 402.

¶ 7    The court explained that he had the right to an attorney, that he was innocent until proven guilty, was presumed innocent, and the State had the burden of proving his guilt. It also told him that he had the rights to a trial by judge or jury, to a speedy trial, to confront and cross-examine witnesses against him, to testify and to call his own witnesses, and to remain silent. Cornille stated

that he understood all of these rights. The court then informed him of his right to plead guilty or not guilty, and explained that if he pled guilty, he would waive his trial rights. Cornille again responded that he understood.

¶ 8 The court advised Cornille of the charges against him, as well as the potential sentence and fines, and asked if Cornille understood. Cornille answered in the affirmative. The court reviewed the terms of the proposed plea agreement, and Cornille confirmed that these were the terms as he understood them. Cornille stated that no one forced him, threatened him, or made any promises to him beyond the plea agreement to get him to plead guilty.

¶ 9 The State recited the factual basis for the plea, which the court accepted. Cornille maintained that he wished to plead guilty after the court made its finding of a factual basis. The court accepted Cornille's plea of guilty, and imposed the agreed-upon sentence.

¶ 10 Next, the court admonished Cornille pursuant to Illinois Supreme Court Rule 605(c). It informed him that he had the right to an appeal, and if he wished to exercise that right, he must first file within 30 days of sentencing a written postplea motion to withdraw his plea and vacate the judgment. The court further explained what would happen if the motion was granted or denied, and told Cornille that he had the right to an attorney to assist him, as well as a copy of the transcript, if he could not afford them. Lastly, the court informed him that any issue not raised in his postplea motion would be waived on appeal.

¶ 11 Cornille filed neither a motion to withdraw his plea nor a direct appeal. On February 7, 2013, the circuit court entered an order discharging Cornille from probation after he was sentenced to the custody of the Illinois Department of Corrections (IDOC) in an unrelated matter. On October 29, 2018, Cornille filed a *pro se* petition for the revocation of his fines, which the circuit court denied. He appealed, and OSAD was appointed to represent him. On appeal, we affirmed the

circuit court's decision and granted OSAD's motion to withdraw as counsel. *People v. Cornille*, No. 5-18-0590 (2021) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 12    In 2022, Cornille filed a *pro se* petition for relief from judgment, alleging that the circuit court violated his right to due process when it entered a restitution order in his case. The circuit court granted the State's motion to dismiss Cornille's petition on August 4, 2022. On appeal, we affirmed the decision and granted OSAD's motion to withdraw as counsel. *People v. Cornille*, 2023 IL App (5th) 220556-U.

¶ 13    On March 5, 2024, Cornille filed a *pro se* postconviction petition. In the petition, he asserted that he was innocent of the charges against him, explaining that he only confessed because he was addicted to drugs and the police promised to release him if he told them what they wanted to hear. Cornille also claimed that he was under the influence of drugs and alcohol when he entered his guilty plea and did not fully understand it. He further claimed that his attorney knew he was under the influence but nevertheless told him to plead guilty.

¶ 14    The circuit court summarily dismissed Cornille's petition in a written order entered on March 19, 2024. The court wrote that Cornille pled guilty in 2011 and that his sentence did not include any incarceration. It further noted that Cornille failed to file his petition in a timely fashion, although it recognized that it could not dismiss a postconviction petition at the first stage for this reason. The court instead ruled that Cornille could not proceed with his claim because he was not presently incarcerated for the charge he was attacking in his petition, and therefore not entitled to relief under the Post-Conviction Hearing Act.

¶ 15    Cornille filed a timely notice of appeal, and OSAD was appointed as his appellate counsel.

4

¶ 16                                    II. ANALYSIS

¶ 17    OSAD argues that dismissal of the petition was proper, and there are no meritorious arguments to the contrary. In the memorandum supporting its *Finley* motion to withdraw as counsel, OSAD states that it considered raising three potential issues on appeal:

> (1) Whether Cornille had standing to file a postconviction petition;

> (2) Whether Cornille's petition stated the gist of a constitutional claim; and

> (3) Whether the circuit court committed procedural error in the summary dismissal of the petition.

OSAD determined that these issues would be without arguable merit, and the court's judgment was therefore proper. We agree with counsel's assessment, and we grant OSAD leave to withdraw.

¶ 18    The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2022)) provides a statutory remedy to criminal defendants who claim that substantial violations of their constitutional rights occurred at trial. *People v. Taliani*, 2021 IL 125891, ¶ 53; *People v. Edwards*, 2012 IL 111711, ¶ 21. A proceeding under the Act is a collateral proceeding, not an appeal from the judgment of conviction. *People v. English*, 2013 IL 112890, ¶ 21. The Act provides for three stages of postconviction proceedings. *People v. Cotto*, 2016 IL 119006, ¶ 26.

¶ 19    At the first stage, relevant here, the circuit court determines whether the petition "is frivolous or is patently without merit." 725 ILCS 5/122-2.1(a)(2) (West 2022); *Cotto*, 2016 IL 119006, ¶ 26. A postconviction petition is "frivolous or patently without merit if it 'has no arguable basis either in law or in fact.' " *People v. Hatter*, 2021 IL 125981, ¶ 23 (quoting *People v. Hodges*, 234 Ill. 2d 1, 16 (2009)). At this stage, the standard for surviving summary dismissal is low, and the petitioner is only required to allege an arguable basis in law and fact for his claims. *Id.* ¶ 20. We review the circuit court's summary dismissal of a postconviction petition *de novo*. *Id.* ¶ 24.

5

¶ 20    Pursuant to section 122-1(a) of the Act, "[a]ny person *imprisoned in the penitentiary* may institute a proceeding under" the Act (emphasis added). 725 ILCS 5/122-1(a) (West 2022). Our supreme court has explained that while actual incarceration is not a strict prerequisite to filing a postconviction petition, "a defendant's liberty interests are paramount when construing the Act." *People v. Carrera*, 239 Ill. 2d 241, 246 (2010). Our courts have interpreted the "imprisoned in the penitentiary" language to include defendants who were released from incarceration after timely filing a petition, defendants who were on mandatory supervised release at the time of filing, and defendants sentenced to probation or released on parole. *Id.* (listing cases).

¶ 21    However, our supreme court has consistently held that postconviction relief is not available to a defendant who has fully served his underlying sentence. See *People v. Johnson*, 2021 IL 125738, ¶ 65; *People v. Carrera*, 239 Ill. 2d 241, 247 (2010); *People v. West*, 145 Ill. 2d 517, 518-19 (1991). A defendant who has fully served the sentence associated with the conviction from which he seeks relief lacks standing to file a postconviction petition under the Act. *Carrera*, 239 Ill. 2d at 253. As the supreme court explained in *Carrera*:

> "Given the fact that defendant had fully served his underlying sentence prior to filing his postconviction petition, defendant's liberty was not curtailed by the state in any way, and he was not a person 'imprisoned in the penitentiary,' as required in order to file a claim for postconviction relief. Consequently, defendant had no standing under the Act to file his petition for postconviction relief." *Id.*

¶ 22    We find that the same reasoning applies to Cornille's case. Pursuant to the terms of his plea agreement, Cornille pled guilty to theft in exchange for a sentence of 24 months' probation. On February 7, 2013, the circuit court discharged him from probation. He did not file his postconviction petition until 2024, over 10 years after he was no longer "imprisoned in the penitentiary" for his conviction in this case. While he *was* in IDOC custody on an unrelated matter when he filed his petition, he cannot use his incarceration in that case to meet the standing

6

requirement for postconviction proceedings relating to his theft conviction. See *Johnson*, 2021 IL 125738 ¶¶ 14-15, 67-69 (defendant lacked standing to seek relief from his unlawful restraint conviction where he had completed his sentence by the time he filed his petition, and although he was imprisoned at the time of filing, he was serving a separate sentence that was not part of his sentence for the challenged conviction).

¶ 23 We therefore find that Cornille lacks standing to initiate postconviction proceedings under the Act, where he was discharged from the sentence of probation that he received for the underlying conviction prior to his filing a petition. He cannot show that he was "imprisoned in the penitentiary" or that his liberty interest was in any way curtailed by the State, and there is no meritorious argument to the contrary.

¶ 24 We next turn to actual innocence. A defendant who pleads guilty may nevertheless raise a postconviction claim of actual innocence. See *People v. Reed*, 2020 IL 124940, ¶ 41 ("This court refuses to turn a blind eye to the manifest injustice and failure of our criminal justice system that would result from the continued incarceration of a demonstrably innocent person, even where a defendant pleads guilty."). To establish a claim of actual innocence, "the supporting evidence must be (1) newly discovered, (2) material and not cumulative, and (3) of such conclusive character that it would probably change the result on retrial." *People v. Robinson*, 2020 IL 123849, ¶ 47. Newly discovered evidence is "evidence that was discovered after trial and that the petitioner could not have discovered earlier through the exercise of due diligence." *Id.*

¶ 25 OSAD has considered whether—setting aside the issue of standing—Cornille could raise a valid claim of actual innocence, as he asserted in his *pro se* postconviction petition. However, he did not present any newly discovered evidence to support this claim. In his petition, he alleged: (1) that police coerced him into confessing by withholding drugs and alcohol from him and falsely

promising to release him if he "told them what they wanted to hear"; and (2) his plea was not voluntary, as he was under the influence of drugs and alcohol at the time and his attorney "coached [him] into a plea" that he could not understand. Cornille would have known these alleged facts at the time of his guilty plea or would have known them if he exercised due diligence. Therefore, his postconviction claim of actual innocence would necessarily fail.

¶ 26   Lastly, OSAD considered whether the circuit court committed any procedural errors in summarily dismissing Cornille's petition. The Act requires the court to review and enter an order on a postconviction petition within 90 days of its filing. 725 ILCS 5/122-2.1(a) (West 2022). If the court determines that it is frivolous or patently without merit, "it shall dismiss the petition in a written order, specifying the findings of fact and conclusions of law it made in reaching its decision." *Id.* § 122-2.1(a)(2). At this first stage of the proceedings, the court's review of the petition must be done independently, without any further pleadings from the defendant or any motions, responsive pleadings, or other input from the State. *People v. Bailey*, 2017 IL 121450, ¶ 20 (quoting *People v. Gaultney*, 174 Ill. 2d 410, 419 (1996)).

¶ 27   Here, Cornille filed his petition on March 5, 2024. The court summarily dismissed it for lack of standing on March 19, 2024, well within the 90-day deadline. There is no evidence in the record to support a finding that either side provided improper input while the court's ruling was pending. Indeed, there is no evidence of any procedural error, and any argument to the contrary would lack merit.

¶ 28                                III. CONCLUSION

¶ 29   As this appeal presents no issue of arguable merit, we grant OSAD leave to withdraw and affirm the circuit court's judgment.

¶ 30   Motion granted; judgment affirmed.